Doty and others vs. Strong.

# JULY TERM, 1842.

|  1p 165|
|107  73 |

## DOTY, impleaded with JONES and IRWIN, vs. STRONG.

1. WRIT OF ERROR : PRACTICE.— A writ of error must be brought in the names of all the parties against whom the judgment was given, and, if the writ does not agree with the record in this respect, it may be quashed.
2. SUMMONS AND SEVERANCE.— When one of several defendants brings a writ of error in which the others are unwilling to join, he must do it in the name of all, and those who refuse to appear and assign errors must be summoned and severed, when the writ may be proceeded in by the rest only, and the party who prosecuted the writ will not be compelled to proceed until after summons and severance.
3. PRACTICE.— The proceeding by summons and severance is not common in American practice, and the more easy and equally legitimate course is to enter a rule against those named in the writ as plaintiffs, and who have not appeared either to appear and assign errors or submit to be severed. After summons or rule and severance, the parties failing to appear and prosecute the writ will be barred from prosecuting another writ on the same judgment.

ERROR to the District Court for *Dane* County.

At the November term, 1841, of the district court for Dane county, *Strong* obtained judgment in an action of assumpsit against *Doty*, Jones and Irwin, to reverse which *Doty* alone prosecuted a writ of error and entered in a bond for a supersedeas in his own name, without joining his co-defendants in the original action.

The defendant in error moved the court to quash the writ and dismiss the cause; because,

"1st. The writ of error is prosecuted in the name of *Doty* alone, although the judgment which it is brought to reverse is against the said *Doty*, Jones and Irwin; 2d. The bond for the supersedeas is informal and insufficient."

*T. P. Burnett* and *F. J. Dunn*, in support of the motion, argued that where a judgment is given against several, one only cannot prosecute a writ of error to reverse it. If the writ is sued out, it must be in the names of all the defendants against whom the judgment was given. If each one was allowed his separate writ, they could bring up the case successively, although the judgment should be affirmed once or more; and, as a writ for one would be a supersedeas for all, the practice would tend to vexation and delay. 2 Bac. Abr. title "Error," B., p. 461, and the authorities there cited; 2 Tidd's Prac. 1053, 1054; 3 Burr. 1789; Graham's Prac. 770, 771, 772. In such case, if the writ be brought by one or more of the defendants only, and not in the names of all, the court will quash it. 2 Tidd. 1054; 2 T. R. 788; 3 Burr. 1789; 1 Wils. 88.

The bond does not conform to the statute, nor does it correspond with the record of the cause, and a recovery could not be had upon it in case the judgment should be affirmed.

*M. M. Jackson*, for the plaintiff in error, contended that the writ was properly brought in the name of one only of the defendants below. He is the one who complains of the error, and for aught that appears, the others may be satisfied to let the judgment rest. He has no power to compel them to join in the writ or to sign the bond, and, if they neglect or refuse to do so, the defendant *Doty* cannot be deprived of his remedy. He is entitled to the writ in his own name as a matter of right.

DUNN, C. J.   The defendant in error moved the court
to dismiss the writ of error herein for two reasons : " 1st.
The writ of error is prosecuted in the name of *Doty*
alone, although the judgment which it was brought to
reverse was against the said *Doty,* Jones and Irwin ; 2d.
The bond for supersedeas is informal and insufficient."

The record in this case from the district court of Dane
county shows that at the November term of 1841 of said
court, a judgment was rendered in favor of the said de-
fendant in error, *Strong,* against the said plaintiff in error,
*James D. Doty,* Alexander J. Irwin and David Jones.
To reverse this judgment, *Doty,* plaintiff in error, one
of the defendants against whom the said judgment was
rendered, has prosecuted this writ of error separately
from the other defendants in the judgment.   The case, as
it is now presented on the motion submitted, being thus
correctly stated, the court will proceed to examine the
merits of the motion to dismiss upon the grounds set forth.

It is not only a rule that no person, not a party, can
sue out a writ of error, but it is also a settled rule that
it must be brought in the names of *all* the parties
against whom the judgment is given : And, notwithstand-
ing the death of any of the parties, though the survi-
vors must bring the writ, he must still be named and
his death must be alleged.   And this is the rule, both that
the writ of error may agree with the record, and to pre-
vent vexation ; for if each party may bring a writ, they
might do it successively, to the great prejudice and de-
lay of the plaintiff, who, in the opinion of the ablest jurists,
cannot sue out execution against any one where a writ
of error is awarded even on the application of the others.
A writ of error, which in this respect is erroneous, may
be quashed.   Carth. 8 ; Ld. Raym. 71 ; Saund. 101, *f.*

When one of several defendants brings a writ of error
in which the others are unwilling to join, he must do it in
the name of all, and those who refuse to appear and
assign errors must be *summoned* and *severed,* and then
the writ of error must be proceeded in by the rest only,

and the party who prosecutes the writ will not be compelled to proceed, until they have been summoned and severed. Saund. *ubi sup*. Thus the writ of error corresponds with the record; and, moreover, the other parties would be forever after barred of the writ. See Bac. Abr. "Summons," H. So that both purposes are subserved by this course of proceeding.

To this general rule there is this obvious exception, that, if one of the defendants in an action of *tort* is acquitted, he need not be joined, because he cannot say that the judgment is to his damage; and, moreover, for the reason that he can never vex the plaintiff with another writ of error. The suit, however, should be described in the writ according to the record, and thus both objects of the law herein will be obtained. Saund. *ubi sup*.

In *Folterall v. Floyd*, 6 Serg. & R., this doctrine is fully recognized on full argument and reference to authorities. *Hacket v. Horne*, Carth. 7; *Walter v. Stokoe*, 1 Ld. Raym. 71; *Brewer v. Turner*, 1 Str. 233; *Cooper v. Ginger*, reported in 1 Str. 606, and Ld. Raym. 1403. And the principle decided in *Hacket v. Horne* is mentioned and acknowledged in the case of *Knox v. Costello*, 3 Burr. 1789.

The practice of summons and severance is not familiar to the American courts of error. The more easy and equally legitimate practice would be to enter a rule against those persons named in the writ of error as plaintiffs and not appearing, either to appear and assign error or submit to be severed. In any practice, however, all the defendants in the judgment must first join in suing out the writ of error. We are of opinion, therefore, that the writ of error in this case be quashed for the first reason assigned in the motion of the defendant, without considering the second reason, which goes to the form and sufficiency of the bond, which it is not necessary to consider at this time.

At a subsequent day of the term the plaintiff moved the court for a rehearing.

*Wm. R. Smith*, for plaintiff in error, contended that as the præcipe for the writ was made out and filed with the clerk in the names of all the defendants in the court below, if the writ was not issued according to the præcipe, it was clear that it might be amended. But whether the writ might be amended or not was not material. A party has a right to the writ separately. The old doctrine of summons and severance is obsolete, and has not been adopted in practice in this country. One defendant may take out a writ of error alone, without joining the others. *Cox & Dicks v. United States*, 6 Pet. 172. And the practice recognized in that case does not come within the reasoning of the court in the opinion already delivered in this case. One party cannot compel the others to join in the writ and sign the bond. Some may be absent, or refuse, and the reason of the English doctrine does not exist here. There the writ and bail in error supersede the whole judgment; here it is only a supersedeas as to the party who sues out the writ and gives the bond, and the plaintiff below may pursue his judgment as against the others who do not join.

*T. P. Burnett, contra.*

The suggestion that the præcipe was made out in the names of all the defendants below, and that the writ may be amended to correspond with it, comes too late. The court will not set aside the decision to afford an opportunity to amend when no motion to amend has been made. The case of *Cox & Dicks v. The United States*, 6. Pet. 172, is not analogous to the case and does not support the position assumed. There the parties had separate defenses in the court below, and although they prosecuted separate writs of error, they were all before the court.

DUNN, C. J. The court could not, unless for extraordinary reasons, entertain this motion. The reason for entertaining the motion urged by counsel for the plaintiff is, "that a decision of the supreme court of the

United States, in *Cox & Dicks v. The United States*, 6 Pet. 172, reverses the principles decided by this court on the motion to dismiss herein.'' From a minute and careful inspection of that decision, this court is unanimously of the opinion that it is a case by no means in point. The motion was decided on different grounds entirely; and the reasons which influenced the court in that case, as far as they can be inferred from the arguments of counsel (for they are not assigned in the decision), are such as conduce to satisfy this court still more clearly, if any thing were wanting, that their opinion on the motion in the case at bar was correct.

We understand these to have been the reasons why the motion to dismiss was overruled. All the parties were before the court. They had separate grounds of defense, and the court below allowed them to sever in their answers. Judgment was awarded against all *in solido*, and separately for the whole amount against two of the defendants. They had both sued out a writ of error, and the motion should have been to consolidate. The parties had distinct grounds of error, and claimed distinct remedies. It was insisted in argument, that the case of *Williams v. Bank*, in 11 Cranch, was not applicable, because Williams alone took up the cause; but in that case the court was understood to recognize the principle in practice, of *summons* and *severance*.

If the supreme court of the United States had decided that the practice of *summons* and *severance* was *obsolete* in reference to error in that court (which, however, they did not), still, if this court had entertained the practice, it never having been reversed by any judicial decision upon *principle*, it certainly would not have been treated as error by the supreme court.

Motion overruled.