WILL OF HESS: HUEBSCHMANN, Appellant, vs. COTZHAUSEN and another, Respondents.

*September 30 — October 22, 1897.*

*County courts, jurisdiction of: Assigning real estate.*

When a person dies leaving real and personal estate which is disposed of by his will, the county court of the county where the testator resided at that time has jurisdiction to entertain proceedings for the probate of that will and for the settlement of the estate, and, on the conclusion of such settlement, to make a final order distributing the remaining personalty, if any, and assigning the real estate in accordance with the provisions of the will.

APPEAL from a judgment of the circuit court for Milwaukee county: CHAS. V. BARDEEN, Judge. *Affirmed.*

This is a proceeding to set aside an order assigning real estate, made by the county court of Milwaukee county, January 3, 1885.

The facts shown upon the trial before the circuit court were substantially as follows: John Hess died April 30, 1870, seized of certain lands in the city of Milwaukee. He left a will whereby he gave to his wife, Regina, all his personal estate absolutely, and his real estate for a term of twenty-five years after his death, at the end of which time his real estate was devised, one half to the children of his daughter *Cresentia Huebschmann*, and one half to the children of his son Philip Hess. Said will was admitted to probate November 14, 1870, and letters testamentary were issued to

Regina Hess, who qualified as executrix, and commenced an administration of the estate. May 13, 1871, Regina Hess married Ferdinand Thoma, and on July 28 in the same year the county court revoked her letters testamentary, and appointed Francis Huebschmann administrator *de bonis non;* and he qualified, but received no personal estate, the same having been taken and disposed of by the widow to pay the debts, funeral charges, and expenses of administration. The administrator *de bonis non* never rendered an account of his administration, and he died in April, 1881.

No further steps were taken in the administration of the estate until May 7, 1884, when one Susannah La Place, of New Orleans, and Frederick Roth, of the city of Milwaukee, filed a joint petition, asking for a final distribution and assignment of the estate, by which petition it was alleged that John Hess died possessed of personal property amounting to only $481; that no personal assets ever came to the hands of the administrator *de bonis non;* that all had been appropriated by the widow in paying debts, funeral charges, and expenses, so that there was no necessity for further administration of the estate; that the only parties interested in the estate were — *First*, the children of *Cresentia Huebschmann,* viz. Adolf, Amalia, Francis, and Anna, the two last named being minors; *second*, the children of Philip Hess, viz. Susannah La Place, his only child and heir at law; *third*, the widow of the testator, Regina Thoma, of Milwaukee. The petition further alleged that on December 3, 1883, Susannah La Place sold her undivided half interest in the real estate to the petitioner, *Frederick Roth.* Upon these facts, the petition prayed that the court give construction to the will, and determine the rights and interest of the parties interested therein, and that the residue of the estate be assigned to such persons as may prove to be entitled to the same.

Upon this petition a hearing was appointed, and notice

given by publication for three successive weeks. Upon this hearing, Emil Wallber, as guardian *ad litem*, appeared for the minor children of *Cresentia*, to wit, Francis and Anna. *Cresentia Huebschmann* and Mrs. Thoma also appeared, but it does not appear from the record that the adult children of *Cresentia*, Adolf and Amalia, appeared in the proceeding. The only question seriously considered upon the hearing of this petition was the question whether Susannah La Place was in fact the child and heir at law of Philip Hess. Testimony was taken upon commission in the city of New Orleans of a number of persons upon this question, and from this testimony it appeared to be established that Philip Hess was married to Elizabeth Johannes in the year 1861, at New Orleans, and that he had two children, the petitioner Susannah and a son John, who died in infancy, and that Philip Hess died in October, 1866, and Elizabeth died in September, 1867.

The county court found from this evidence that Susannah was the only surviving child and heir at law of Philip Hess, deceased, and that she had conveyed, by deed, all her right to the real estate to *Frederick Roth;* that there was no personal property to be disposed of, and no debts remaining unpaid; and that by the terms of the will the title of the real estate was vested in the children of *Cresentia Huebschmann* and the children of Philip Hess in equal halves, subject to the widow's term. Upon this finding, a judgment was rendered January 3, 1885, assigning one undivided half of the real estate to the children of *Cresentia*, and the other undivided half to *Frederick Roth*, subject to the widow's estate, which did not terminate until April 30, 1895.

It appears that in January, 1884, the respondent *F. W. von Cotzhausen* had purchased from *Roth* an undivided quarter of the premises for the sum of $1,000 and one half of all expenses to be incurred in winding up the estate in probate.

On the 29th of April, 1895, *Cresentia* filed a petition in the county court of Milwaukee county, charging that the decree of January 3, 1885, was obtained by fraud; that Philip Hess had never been married, and that Susannah La Place was an illegitimate child; that *Cotzhausen* and *Roth* had colluded and conspired fraudulently to deprive her of her interest in the property; and that, as to one half of the property, John Hess had died intestate, and consequently she (the daughter of the testator) inherited that interest. The petition further charged that *Cotzhausen* had paid nothing on his purchase, and prayed that *Roth* and *Cotzhausen* show cause why the decree of 1885 should not be adjudged void and fraudulent. Attached to this petition was the evidence of two of the parties in New Orleans, who in 1884 had given their testimony upon commission and stated that Philip Hess and Elizabeth were husband and wife, but who now testified that they were never married. On the hearing of this petition, *Mr. Cotzhausen* filed an answer characterizing the charges and insinuations of the petition as to himself to be grossly false and wantonly slanderous, and prayed for an early hearing. Upon the hearing, the said evidence was heard, and both *Cotzhausen* and *Roth* testified in their own behalf. The court found that neither had imposed upon the court nor been guilty of any fraud; that Susannah La Place was the sole child and heir at law of Philip Hess; that *Cresentia Huebschmann* was a party to the proceeding which culminated in the decree of January 3, 1885; that the county court had full jurisdiction of the subject matter and of the parties; and that said decree ought not now to be disturbed; whereupon the petition of *Cresentia Huebschmann* was dismissed.

From this decision an appeal was taken to the circuit court, where issues were made up by order of the court, and a trial was had, at the close of which trial the court found: *First*, that the county court had full jurisdiction of the par-

248    SUPREME, COURT OF WISCONSIN.    [97

Will of Hess: Huebschmann vs. Cotzhausen and another.

ties and the subject matter when entering its decree of January, 1885; *second,* that the evidence failed to support the material allegations of the appellant's petition; and, as a conclusion of law, that the order appealed from ought to be affirmed, with costs. From a judgment in accordance with this finding, *Cresentia Huebschmann* appeals.

*J. C. Kerwin* and *Adolph Huebschmann,* for the appellant, argued, *inter alia,* that the county court had no jurisdiction of the subject matter of the decree appealed from to the circuit court. The only object of the proceeding in that court was to try the title to the land devised. The statutes give no such power to that court. In this case there was no dispute about the terms of the will, and no construction was necessary. *Sawtelle v. Ripley,* 85 Wis. 72. An heir at law or devisee who claims a mere legal estate in real property cannot institute proceedings for the construction of a will and thus determine the title to such real estate. *Wager v. Wager,* 89 N. Y. 161, 168; *Bowers v. Smith,* 10 Paige, 193; *Post v. Hover,* 33 N. Y. 602; *Kelley v. Kelley,* 80 Wis. 486; *Chipman v. Montgomery,* 63 N. Y. 221; 1 Pomeroy, Eq. Jur. § 177, and note.

For the respondents there was a brief by *Fred. W. von Cotzhausen,* in person, and *Sylvester, Scheiber & Orth,* attorneys, and oral argument by *Mr. Cotzhausen.*

WINSLOW, J. If the circuit court was right in its conclusions to the effect that the county court had jurisdiction to make the order of January 3, 1885, and that fraud in the obtaining of that order was not proven, then this judgment must be affirmed. That the court was right in both conclusions is quite clear to our minds. When a person dies leaving real and personal estate disposed of by will, the county court of the county where the testator resides has jurisdiction to entertain proceedings for the probate of that will, and for the due and orderly settlement of the estate which

passes thereby, and, upon conclusion of the settlement of the estate, to make a final order distributing the remaining personalty, if any, and assigning the real estate in accordance with the provisions of the will. It would seem almost unnecessary to state this proposition. Such is the course of procedure contemplated by the statute, and such has been the course followed by the county courts of this state from the time of their organization. R. S. secs. 3940–3955; Gary, Prob. Law, § 625 *et seq.* True it is that title to real estate passes by the will (when duly probated), and not by the decree of the court; but this argues nothing against the power and jurisdiction of the court to make the order. What the effect of this order may be, whether conclusive or only *prima facie* proof of the title as between the parties to the proceeding, is a matter which it is unnecessary to discuss or decide in this case. It is sufficient that the court has jurisdiction to make the order, and the question of its effect upon the title is immaterial.

As to the question of the alleged fraud and imposition upon the court by the respondents *Roth* and *Cotzhausen* in the obtaining of the order, we have examined the evidence, and are entirely satisfied that the court was right in its conclusion upon the facts that there was no fraud proven.

*By the Court.*— Judgment affirmed.