HUEBSCHMANN and others, imp., Plaintiffs in error, vs. COTZ-
HAUSEN, Defendant in error.

*April 27 — May 15, 1900.*

*Ejectment:* Res adjudicata: *Betterments: Parties: Writ of error: Vari-
ance from record: Immaterial error.*

1. On the final settlement of an estate in 1885, defendants being parties
   to the proceeding and the court having jurisdiction of the subject
   matter and the persons, the county court found and adjudged that,
   plaintiff's grantor was the legitimate child and heir of a deceased
   devisee under testator's will, and entitled to an interest in the real
   estate in question. In 1895, on application of defendants to set aside
   so much of the judgment of the county court as adjudged plaint-
   iff's grantor entitled to a share in such real estate, the county court
   found that no fraud had been practiced, and reaffirmed its judg-
   ment. On appeal to the circuit and supreme courts, respectively,
   the judgment of the county court was in all things affirmed. In
   ejectment by plaintiff to recover his share of the estate, it was *held*
   that the judgment of the county court was *res adjudicata* as to the
   questions of the legitimacy and heirship of plaintiff's grantor.
2. Where, in ejectment, it appears from the undisputed evidence that.
   the amount of rents and profits received by the defendants during
   the term of their adverse possession exceeds the amount paid by
   them for repairs, improvements, and taxes, it is not error to refuse a.
   request to have the jury assess the value of the improvements made
   and taxes paid by them.
3. In an action of ejectment a tenant of the adverse claimants who re-
   tains possession of the premises is a necessary defendant under
   sec. 3075, Stats. 1898, and should be joined in a writ of error to re-
   view a judgment against him and the other defendants; but a fail-
   ure in that regard is not a defect going to the jurisdiction, but an
   irregularity which may, in the discretion of the court, be cured by
   amendment.
4. A motion to dismiss or quash a writ of error because of such a de-
   fect will not be granted unless made soon after the case reaches
   the supreme court.

ERROR to review a judgment of the superior court of Mil-
waukee county: J. C. LUDWIG, Judge. *Affirmed.*

For the plaintiffs in error there was a brief by *Thos. H.*

*Gill*, attorney for *C. C. Huebschmann*, and *J. C. Kerwin* and *Adolph Huebschmann*, attorneys for the Huebschmann heirs, and oral argument by *Mr. Huebschmann* and *Mr. Gill*.

For the defendant in error there was a brief signed by *F. W. v. Cotzhausen*, defendant in error, and *Sylvester, Scheiber & Orth*, of counsel, and oral argument by *Mr. Cotzhausen*.

CASSODAY, C. J.   On April 5, 1866, John Hess, of Milwaukee, duly executed his last will and testament, wherein and whereby he purported to give to his wife, Regina, all his personal property absolutely, and also the use of his real estate for the term of twenty-five years after his death, subject to the payment by her of all taxes and assessments thereon during such term; and the remainder of such real estate he devised, the undivided one-half to the children of his daughter, the plaintiff *Crescentia C. Huebschmann*, and the other undivided one-half to the children of his son, Philip Hess, then living in Louisiana, and named his widow, Regina, as executrix of his will.   John Hess never had any other children.   On October 26, 1866, the son, Philip, died in New Orleans, leaving, him surviving, a widow, who died during the following year, and also a little boy, John Hess, who died a few months after his father, Philip, and also a daughter, Susannah, who was born December 1, 1862, and who was consequently nearly four years of age when her father, Philip, died.   On April 30, 1870, the testator, John Hess, died at his home, in Milwaukee, leaving, him surviving, his widow, Regina, also his daughter, the plaintiff in error, *Crescentia C.*, and her four children, plaintiffs in error in this action, and his granddaughter Susannah Hess, daughter of his deceased son, Philip.   On November 14, 1870, such will of John Hess was admitted to probate in the county court of Milwaukee county, and the widow, Regina, was appointed such administratrix.   On May 13, 1871, the widow, Regina, intermarried with one Ferdinand Thoma, and

thereupon ceased to be such administratrix, and August 21, 1871, Francis Huebschmann was appointed such administrator, with the will annexed. On June 11, 1881, the granddaughter Susannah intermarried with one John La Place of New Orleans. December 3, 1883, and after the granddaughter Susannah had become twenty-one years of age, she sold her share and interest in such real estate, and she and her husband conveyed the same, by a duly executed deed of conveyance, to one Frederick Roth, of Milwaukee.

May 6, 1884, the granddaughter Susannah and Frederick Roth filed their petition in the county court, reciting the facts stated, and praying for the final adjustment and settlement of all matters and things pertaining to the estate of John Hess, deceased, and for the construction of such will, and the determination of the rights and interests of the parties interested, and that the residue of the estate be assigned to the persons entitled to the same. Thereupon, and on May 7, 1884, the county court made an order in the matter of such will that such application be heard at the time and place therein named, and that notice of such application and hearing be given to all persons interested, by the publication of a copy of such order for three successive weeks, once in each week, prior to such hearing, in the newspaper therein named. Due proof of such publication was filed in the county court in such matter May 31, 1884. Thereupon Emil Wallber, then an attorney at law in Milwaukee, appeared for two minor children of the daughter (*Francis* and *Anna*), plaintiffs in error herein, and by their guardian, Gustave Reuss, put in an answer for them to such petition, and, among other things, therein alleged, in effect, that the estate of John Hess, deceased, had not been fully administered; that no account had been rendered either by the executrix or by the administrator *de bonis non;* that no vouchers had ever been presented of the payment of the debts and funeral charges of the deceased; that Susannah

La Place was not a child and heir at law of Philip Hess, the son of John Hess, deceased; that neither Susannah nor Frederick Roth was interested in the estate of John Hess, deceased; that neither Susannah nor Frederick Roth was entitled to any part of the estate of John Hess, deceased.

On June 14, 1884, the daughter, *Crescentia C.*, one of the plaintiffs in error herein, and the widow, Regina, were cited by the county court to appear at a time and place named, then and there to answer such questions as might be put to them relative to the matters then in issue in such estate. Thereupon commissions were issued and testimony taken in New Orleans in respect to the paternity and legitimacy of the granddaughter Susannah, and after full hearing of all parties in the county court, and on January 3, 1885, the county court made its final order, judgment, and decree, reciting therein, in effect, that it being satisfactorily made to appear that due notice of such hearing had been given as required by law and the former order of the court; that the facts stated in the petition of Susannah and Roth were true, and that all the debts and expenses of last sickness, funeral charges, and expenses of administration up to that time had been paid; that no personal property remained in the hands of the former executrix and administrator *de bonis non* for distribution, and that there was no necessity for any further administration or continuance of the estate in court; that the testator died seised in fee simple of the lands described; that the only children of the daughter, *Crescentia C.*, were the plaintiffs in error herein, *Adolph*, *Amalia*, *Francis*, and *Anna*, the two last named being minors, who had appeared therein by Gustave Reuss, their general guardian, Hon. Emil Wallber, an attorney of that court, acting as counsel; that Susannah La Place, of New Orleans, was the sole child and heir at law of Phillip Hess, the son of the testator, and that all her right, title, and interest in and to the real estate of which the testator died seised had, by deed of conveyance dated December 3, 1883, for a valuable consideration, been

transferred and set over to Frederick Roth of Milwaukee,—
by virtue of the power in such court vested, and pursuant
to the statute, and terms of such last will and testament, it
was thereby ordered, adjudged, and decreed that the real
estate described be, and the same was thereby, assigned and
transferred as follows: One undivided half to the above-
named *Adolph, Amalia, Francis,* and *Anna,* share and share
alike, and the other undivided one-half to the above-named
Frederick Roth, the assignee of Susannah La Place; the
whole of the estate, however, being subject to a term of
years usufruct, created by the terms of the will in favor of
the testator's widow, Regina Hess, then the wife of one
Ferdinand Thoma, of Milwaukee, which term extends for a
period of twenty-five years from April 30, 1870, on certain
conditions in such will enumerated and specified, and sub-
ject, further, to the right of the widow to sell, let, rent, or
dispose of the buildings on such premises as she might see
fit and proper. Such order, judgment, and decree contained
certain other matters, not necessary here to state.

On April 29, 1895, the plaintiff in error *Crescentia C.* filed
her petition in the county court in such matter, praying
that so much of the order, judgment, and decree so entered
January 3, 1885, as adjudged that Frederick Roth, as the
assignee of Susannah La Place, was entitled to one undi-
vided half interest in and to the real estate described, be
declared null and void, and that Frederick Roth and the
defendant in error herein, *Frederick W. v. Cotzhausen,* be
cited to appear before such court and show cause why such
order and decree should not be adjudged null and void, and
why an order should not be entered assigning to her, as the
heir at law of John Hess, the undivided one-half so assigned
to Frederick Roth; and thereupon Frederick Roth and
*Frederick W. v. Cotzhausen* were cited to appear and answer
such petition at a time and place therein named, and they
so appeared, respectively, and went to trial.

Upon such hearing, and the records, evidence, and proofs

adduced at such hearing, the county court found and adjudged that neither *Frederick W. v. Cotzhausen* nor Frederick Roth had imposed upon the court in any way or manner in obtaining the final decree and order of January 3, 1885, and that neither of them was guilty of any of the frauds or evil practices charged and insinuated against them in and by such petition; that Susannah La Place was, in effect, the sole child and heir of Philip Hess, and the only one entitled to claim as such under such will; that *Crescentia C.*, the petitioner, was a party to the proceeding culminating in such decree, and that the court had full jurisdiction of the subject matter and of all the parties therein interested, and that such order and decree ought not to be disturbed; that the citation issued be discharged, and the petition of *Crescentia C.* be dismissed.

On June 27, 1895, the plaintiff in error, *Crescentia C.*, appealed from such judgment to the circuit court. Upon the trial and hearing of such appeal in the circuit court it was found by that court "that the county court had full jurisdiction of parties and subject matter when entering its decree of January 3, 1885; that the evidence and proofs submitted utterly failed to support the material allegations of the appellant's petition," and, as conclusions of law thereupon, the court held "that the order appealed from ought to be affirmed, and that judgment be entered accordingly, with costs to be taxed in favor of the respondents." Judgment was thereupon entered accordingly. *Crescentia C.* appealed from that judgment to this court, and the judgment was affirmed October 22, 1897. *Will of Hess: Huebschmann v. Cotzhausen*, 97 Wis. 244.

The term of the widow, Regina, fully expired April 30, 1895. On December 17, 1897, the defendant in error, *Frederick W. v. Cotzhausen*, commenced this action of ejectment against *Crescentia C.* and her four children named, and one Herman Valet and one Lydia Webber, to recover the undi-

vided one-fourth of the real estate described,— being the premises so conveyed to him by Frederick Roth, and one half of the premises so conveyed to Roth by the grand-daughter Susannah. The complaint therein alleged, in effect, the facts stated, and that the defendants Valet and Webber, respectively, were in the actual possession of parts of the premises as tenants of *Crescentia C.* and her four children, and were therefore joined as defendants therein. Such possession by Valet and Webber was expressly admitted in the answer of *Crescentia C.* herein, and also in the separate answer of her four children named.

At the close of the trial the jury returned a verdict to the effect: (1) That Susannah La Place was the legitimate child of Philip Hess. (2) That the fair rental value of the premises in question, entirely free and clear of all buildings, during the period from May 1, 1895, to the date of such verdict, would have been nothing. (3) That the jury found for the plaintiff, that he was the owner of an estate in fee simple and had a right to recover the possession of an undivided one-quarter of the premises therein described; that the defendants had unlawfully withheld the possession thereof from the plaintiff ever since May 1, 1895, and were in the joint possession thereof; and that they assessed the plaintiff's damages for the unlawful withholding thereof at the sum of six cents. Thereupon, and on June 19, 1899, judgment was entered on such verdict in favor of the plaintiff therein, *Frederick W. v. Cotzhausen*, and against *Crescentia C.* and her four children, *Adolph, Amalia, Francis*, and *Anna*, and also against the defendant therein, Herman Valet. To reverse that judgment the defendants therein, *Crescentia C.* and her four children, *Adolph, Amalia, Francis*, and *Anna*, sued out this writ of error.

The principal controversy in the trial court was as to whether Susannah La Place was the legitimate child of Philip Hess, deceased. Other questions involved were made

to turn upon the determination of that question. Numerous errors are assigned in regard to the admission of testimony, the form of the verdict, and the instructions to the jury. The view we have taken of the case makes it unnecessary to consider any of those questions. After careful consideration, we have reached the conclusion that the defendant in error was entitled to the verdict rendered, upon the undisputed record evidence. By the judgment and decree of the county court, entered January 3, 1885, it was, after full hearing or opportunity for hearing, determined that Susannah La Place was the legitimate child of Philip Hess,·and, subject to the balance of the term of the widow, and her right to sell, let, rent, or dispose of the buildings on the premises as she might see fit and proper, the one undivided half of the remainder of such real estate was thereby assigned and transferred to the four children of *Crescentia C. Huebschmann*, share and share alike, and the other undivided one-half was thereby assigned and transferred to Frederick Roth, as the assignee of Susannah La Place. Such adjudication was made upon the application of Susannah La Place and Roth, as her assignee, for an assignment of the residue of the estate as provided by statute (sec. 3940, Stats. 1898). Such issue was expressly raised by the answer of the two minor children of *Crescentia C.*, by their general guardian, as above stated. The statute expressly required such general guardian to "appear for and represent his ward in all actions and proceedings, except where another person is appointed for that purpose." Sec. 3982, R. S. 1878 and Stats. 1898. *Webber v. Ward,* 94 Wis. 605. No other person was so appointed. Notice of such hearing was given to the several adults interested, by publication, as required by the statute (sec. 3931, R. S. 1878), and also to the widow, Regina, and the daughter, *Crescentia C.,* by the county court citing them, respectively, to appear before that court, at a time and place therein named, to an-

swer such questions as might be put to them relative to the matters thus in issue in such estate. The judgment and decree thus rendered in the county court more than fifteen years ago appears to have been regular in all respects, and by a court having complete jurisdiction of the subject matter of the proceedings, and of the several persons interested. Such being the circumstances under which that judgment and decree was rendered, it would seem to be binding upon all parties interested. Sec. 3940, Stats. 1898; *Ford v. Smith,* 60 Wis. 225; *Hall v. Hall,* 98 Wis. 199.

But there is still another reason why such judgment and decree is binding upon *Crescentia C.,* who is the only one of the plaintiffs in error interested in the question of the legitimacy and heirship of Susannah La Place. Ten years after the rendition of that judgment and decree, the plaintiff in error *Crescentia C.* filed her petition in the county court in such matter to set aside and have declared null and void so much of such judgment and decree as adjudged that Roth, as such assignee, was entitled to the undivided one-half of such residue of such estate. Thereupon Roth and the defendant in error were cited to appear and answer such petition, which they did, as stated. Upon the trial of that issue the county court found, in effect, as indicated, that the court had not been imposed upon in the making of such final judgment and decree; that neither Roth nor the defendant in error had been guilty of any frauds or evil practices in the matter; that Susannah was the sole child and heir at law of Philip Hess, and entitled to the real estate so assigned to her, and that the court had full jurisdiction of the subject matter and of all the parties interested; and that the judgment and decree should not be disturbed. The plaintiff in error *Crescentia C.* then appealed from the judgment entered thereon to the circuit court, where such issues were retried; and at the close of such trial the judgment of the county court was in all things affirmed by the circuit court, and

upon her appeal from the judgment of the circuit court the same was affirmed in all things by this court. *Will of Hess: Huebschmann v. Cotzhausen*, 97 Wis. 244. We must regard the judgment and decree of the county court as *res adjudicata*. *Noonan v. Orton*, 4 Wis. 335; *S. C.* 27 Wis. 300; *Lathrop v. Knapp*, 27 Wis. 214; *S. C.* 37 Wis. 312; *Fire Department v. Tuttle*, 50 Wis. 552; *Ellis v. N. P. R. Co.* 80 Wis. 459; *Case v. Hoffman*, 100 Wis. 336–339, 351, 360.

We perceive no error in refusing the request of the plaintiffs in error to have the jury assess the value of the improvements made and taxes paid by them. It appears from the undisputed evidence that the amount of rents and profits received by them during the term of their adverse possession exceeded the amount paid by them for repairs, improvements, and taxes, and that the net balance in their hands after making all such payments was $694.75.

The defendant in error has suggested a question of practice which we do not feel at liberty to pass over in silence. Mrs. Webber, who was made a defendant in this action of ejectment, abandoned the premises *pendente lite*, and so the action as to her was discontinued. But the defendant Valet, in ejectment, who, as indicated in the statement, is conceded to be in the actual possession of a portion of the premises as tenant of *Crescentia C.* and her four children, remained such defendant, and the judgment is against him and the other defendants. Valet was a necessary defendant in the action of ejectment. Secs. 3075, 3076, Stats. 1898. But he did not join in suing out this writ of error. It was held by our territorial court that "a writ of error must be brought in the names of all the parties against whom the judgment was given, and, if the writ does not agree with the record in this respect, it may be quashed." *Doty v. Strong*, 1 Pin. 165. To the same effect, *Fotterall v. Floyd*, 6 Serg. & R. 315; *Hampton v. Rouse*, 13 Wall. 187; *Pearson v. Yewdall*, 95 U. S. 294; *Feibelman v. Packard*, 108 U. S. 14. But

the defect is a mere irregularity, which may, in the discre-
tion of the court, be amended. It does not go to the juris-
diction. Had the motion to quash, as indicated in the first
case cited, or to dismiss, as indicated in some of the other
cases cited, been made soon after the case reached this court,
it would probably have been granted. But, as it was not
so made, we have felt called upon to dispose of the case on
the merits.

*By the Court.*— The judgment of the superior court of
Milwaukee county is affirmed.

BARDEEN, J., took no part.