JOHNSON, Respondent, vs. TOWN OF IRON RIVER, Appellant.

*March 13—April 3, 1912.*

*Highways: Injury from defect: Negligence of town: Contributory negligence: Questions for jury: Trial: Improper statements by counsel: Evidence: Instructions to jury: Appeal: Harmless errors.*

1. Where a stump was situated within a few inches of the traveled track of a highway, with a root projecting into that track, at a point where the highway curved and began to descend, the jury was warranted in finding that it constituted a defect in the highway; and where the stump had occupied that position from time immemorial the jury was justified in finding that the town authorities in the exercise of ordinary care ought to have known of the defect and remedied it.

2. Where an injury to a person traveling on a highway in a light vehicle was caused by the sudden slipping or stumbling of one of the horses and the consequent swinging of a wheel against a stump, there being no proof of excessive speed or of any great or long-continued inattention to his team upon the part of the driver, the question as to negligence of the driver was one for the jury, although he was not at the time intently watching the team.

3. A statement by plaintiff's counsel, in opening his case to the jury, that defendant's counsel had "said last night that he had a witness who would testify that the persons in the vehicle in question were intoxicated," is not ground for reversal, even though defendant's counsel did not make the remark attributed to him in the presence of the jury.

4. Plaintiff's counsel asked some questions to which objection was made and sustained, and in answer to an inquiry by the court said that he wished to prove that plaintiff, at or soon after the time of her injury, said to her son-in-law that she wished to go home because she thought she was going to die. The jury was instructed to disregard this statement. *Held*, that there was no prejudicial error.

5. It was error to admit testimony of the plaintiff to the effect that her attending physician had told her she had ribs broken by the accident; but such error was not prejudicial where the physician, as a witness, described the injuries in detail and said

that he did not know whether any ribs were broken, and there were other serious injuries, and the damages awarded were not excessive.

6. It was not error to admit evidence that there was ice on the highway at the point in question, to explain the slipping of the horse.

7. An error in charging the jury that it was the duty of the town to keep the highways in a *safe* condition, instead of in a reasonably safe condition, for travel, did not in this case affect any substantial right of the defendant, there being ample evidence to show a defect of long standing.

8. To charge the jury that plaintiff can recover in the action if the evidence shows something which confessedly the evidence does not show, is not an error prejudicial to the defendant.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

*C. F. Morris,* for the appellant.

For the respondent there was a brief by *Ernest Sauve* and *A. W. McLeod,* and oral argument by *Mr. McLeod.*

TIMLIN, J.    There was a verdict and judgment for the respondent in this action against the appellant for injuries occasioned by a defect in a highway. The highway became such by user. At a point where the highway curved to the right going south and began to descend, there was a stump within a few inches of the nearest traveled wheel track having a root projecting into that wheel track. The evidence tended to show that while respondent was riding in a light vehicle drawn by two horses on said highway on March 17, 1910, one of the horses slipped on the icy road, causing the team to swing toward the right and bring the wheels of the vehicle in contact with this stump, throwing the respondent out and injuring her. The appellant contends that a verdict should have been directed in its favor.

We think the proximity of the stump to the wheel track and its situation with reference to the curve and descent in the

highway was such that the jury was amply justified in finding it constituted a defect. It seems to have occupied this position from time immemorial. Hence the jury was justified in finding that the defendant, in the exercise of ordinary care, ought to have known of this defect and removed it.

Assuming that the respondent is chargeable with the contributory negligence, if any, of the driver of the vehicle, there is evidence to support the negation of such contributory negligence. The driver was not at the time intently watching his team. A sudden slip or stumble of one of the horses swung the wheel over against the stump. There is no proof of an excessive rate of speed or of any great or long continued inattention to his team on the part of the driver, and the negligence of the latter seems to have been fairly a question for the jury.

It seems that in opening his case to the jury respondent's counsel stated that appellant's counsel had "said last night that he had a witness who would testify that the persons in the vehicle in question were intoxicated." The record does not show whether appellant's counsel said this or not. Exception was taken to this statement of respondent's counsel and the court declined to rule on it because he was not paying any special attention to the argument of counsel at the time. Appellant's counsel assures us that he did not make the remark attributed to him in the presence of the jury and argues that therefore respondent's counsel had no right to use the same in his opening statement to the jury. Perhaps not. But it is entirely too trivial a circumstance on which to base a reversal.

Respondent's counsel asked some questions which were objected to and the objection was sustained. The court asked him what he wished to prove, and in answer he said he wished to prove that the respondent, at or soon after the time of her injury, said to her son-in-law, in substance, that she wished to go home because she thought she was going to die. The court instructed the jury to disregard this statement. The

evidence was not given. This assignment of error is also unimportant.

A more serious question arises upon the ruling of the court permitting the respondent to testify that her attending physician told her she had ribs broken by the accident. This ruling was erroneous. But the attending physician was a witness and described the injuries in detail, not including any fractured ribs, and in answer to the question whether any of the ribs were broken said in substance that he did not know. There were other quite serious injuries. The verdict was for $950 damages, which are not excessive, and therefore we cannot say that the appellant was prejudiced by this erroneous ruling.

There was no error in admitting evidence of the fact that there was ice in the highway at the point in question, that being a mere collateral circumstance to explain the slipping of the horse.

Exception is taken to the following alleged errors in the instructions: (1) The court charged the jury: "It is the duty of the town authorities to keep the highways in their town, used for public travel, in a safe condition for persons, whether they go upon foot or in wagons." The rule of law often stated by this court is that the duty in question is to keep such highways in a reasonably safe condition for travel. The charge in this respect was erroneous. *Strong v. Stevens Point,* 62 Wis. 255, 266, 22 N. W. 425. We are next to inquire whether this error was prejudicial. The statute, sec. 3072$m$ (ch. 192, Laws of 1909), provides that no judgment shall be reversed or set aside . . . on the ground of misdirection of the jury or the improper admission of evidence . . . unless in the opinion of the court to which the application (to reverse) is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment. This statute requires more than

mere error to appear in order to effect a reversal. It must affirmatively appear to us from the whole record that this error has affected some substantial right of the appellant. We are first confronted with the evidence relating to the defect. That, as stated, is ample. It is not probable that any jury would find there was no defect or insufficiency on this evidence. That the defect was of long standing is uncontroverted. The error relates solely to the duty of the defendant, hence could not have affected the verdict in any other particular essential to a recovery. Therefore it does not appear to us that this error has affected any substantial right of the appellant.

The court further instructed the jury that if they found from the evidence that the defendant through its officers, in the exercise of ordinary diligence, might and ought to have known that the stump in question was situated so near the traveled track as to render the highway dangerously defective at the place in question for the use of travelers in the exercise of ordinary care, and the team attached to the wagon in which the plaintiff was riding was driven with ordinary care and the wagon slewed (meaning slid) against the stump and the plaintiff was injured by being thrown from the wagon, and she was in the exercise of ordinary care also at the time, they might find a verdict in favor of the plaintiff. It is said this is erroneous because there is no evidence that the wagon slid. If so, such an error could not prejudice the appellant although it might prejudice the respondent. To state affirmatively that the plaintiff can recover in an action if the evidence shows something which confessedly the evidence does not show cannot prejudice the defendant.

*By the Court.*—Judgment affirmed.