CITY OF MILWAUKEE, Appellant, vs. PLATH, Respondent.

*March 18—April 9, 1914.*

*Assault and battery: Direction of verdict: Appeal: Harmless errors.*

Where, upon a trial for an assault and battery in violation of a city ordinance, there was such a conflict in the testimony as ordinarily calls for determination by a jury, but both the district court and, on appeal, the municipal court directed a verdict of "not guilty," and it is extremely doubtful whether a different result would be reached by any jury, the judgment of acquittal should be affirmed on the ground that the error did not affect any substantial right of the city.

APPEAL from a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

The defendant was arrested for committing an assault and

battery upon one Minzer, July 25, 1912, in violation of a city ordinance. He was tried in the district court and at the close of the trial the court directed a verdict of not guilty. The city appealed to the municipal court, where a like result followed. From a judgment entered on a verdict directed in .favor of the defendant the plaintiff appealed.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Mark A. Kline,* assistant city attorney, and oral argument by *Mr. Kline.*

For the respondent there was a brief by *Rubin & Zabel,* attorneys, and *F. L. Fawcett,* of counsel, and oral argument by *W. C. Zabel.*

VINJE, J. The complaining witness, Minzer, testified that on July 25th he was hired by defendant to work in his restaurant and that he understood his day's work closed at 7 o'clock in the evening. A little after 7 he went down stairs to get his coat from the cloak room. There he met defendant, who told him to go back to work till 8 o'clock. Minzer refused, and demanded his money. A dispute arose in which both profanity and obscenity were indulged in, especially by Minzer. Defendant had in his hand a small stick of wood, about half an inch thick and nearly a foot long, to which keys were attached, and Minzer claims defendant struck him with this stick on the head while he was walking towards the cloak room and without any offer of violence on his part. The defendant testifies that he struck Minzer just as the latter was in the act of assaulting him and that the blow given was in self-defense. In this he is corroborated by three other eyewitnesses to the altercation. It is true there is here a conflict of testimony that ordinarily should be submitted to the jury for determination. But in view of the fact that two courts who saw and heard the witnesses have directed a verdict for defendant, we have reached the conclusion that the judgment should be affirmed. It is extremely doubtful, in view of the whole evidence in the case, if a different result

would be reached by any jury. It cannot therefore be said that the error complained of has affected appellant's substantial rights. In such cases the statute (sec. 3072m, Stats. 1913) and our decisions (*Johnson v. Iron River,* 149 Wis. 139, 135 N. W. 522) alike require an affirmance of the judgment.

*By the Court.*—Judgment affirmed.