WILL OF DURKEE: HAIRE, Appellant.

*September 13—October 3, 1916.*

*Executors and administrators: Probate of will: Jurisdiction: Residence of testator: Administrator de bonis non: Appointment: Appeal by foreign administrator: Dismissal: Harmless error.*

1. Primary jurisdiction to admit a will to probate and to grant letters testamentary vests in the county court of the county of the testator's residence at his death.

2. Where, after due notice to all parties, a county court in this state admitted a will to probate and assumed general and primary jurisdiction of the estate, it decided that the testator was a resident of that county; and such decision, never having been appealed from or reversed, settled that question so far as the parties are concerned in all subsequent actions in the courts of this state.

3. It appearing in such case, after the discharge of the executor, that there was personal estate of the deceased which had not been administered upon, the county court properly appointed an administrator *de bonis non,* and, no objection being made to his fitness, an appeal from the order appointing him could result only in an affirmance; hence the dismissal of an appeal there-

from by an administrator *de bonis non* previously appointed in another state was, if error, not prejudicial.

[4. Whether the word "administrator" in sec. 4031, Stats.,—authorizing an appeal from any order of the county court,—includes an administrator appointed under the laws of another state, not decided.]

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge.    *Affirmed.*

This is an appeal from a judgment dismissing an appeal from an order of the county court granting letters of administration *de bonis non.*

The facts are that Charles Durkee died testate in Utah in 1870.    His will was probated in the county court of Kenosha county, Wisconsin, it being alleged in the petition for probate that Durkee was a resident of said county.    There is no claim of any defect in these proceedings.    Harvey Durkee and Franklin H. Head were named as executors in the will, but Durkee resigned his trust and Head proceeded with the administration and reported the estate fully administered in 1882, at which time he was discharged from his trust.    In 1896, upon petition of some twenty of the heirs at law of the deceased, representing that he was a resident of Utah at the time of his death and that he left personal estate to an unknown amount which was unadministered, one Kuykendahl was appointed by the probate court of that state administrator with the will annexed of the estate of the deceased and duly qualified.

In September, 1911, two of the heirs at law of the deceased (by their attorney in fact) petitioned the county court of Kenosha county to appoint *Henry J. Hastings* (public administrator of said county) as administrator *de bonis non* of the estate, representing that the deceased left both real and personal estate which was unadministered.    Upon the hearing of this petition, after due notice given, Kuykendahl appeared and filed objections to the granting of such administration on the ground that he himself was the lawful admin-

istrator *de bonis non.* Some testimony was taken and *Hastings* was appointed administrator *de bonis non* and qualified. Thereupon Kuykendahl appealed to the circuit court. He died in September, 1913, and *Norman W. Haire* was appointed as his successor by the proper court of Utah and substituted as appellant by the circuit court for Kenosha county. Upon hearing of the appeal the court dismissed the same on the ground that Kuykendahl was not a person entitled to appeal under the terms of sec. 4031, Stats., which provides that, in all cases not otherwise provided for, "any executor, administrator, guardian, trustee or any person aggrieved by any order . . . of the county court may appeal therefrom to the circuit court." The court held that *Haire* was merely an ancillary administrator and that the words "executor, administrator," etc., in this section do not refer to mere ancillary administrators appointed in other states, and that such an administrator could not be considered aggrieved by the appointment of an administrator *de bonis non* in this state.

For the appellant there was a brief by *Cavanagh, Barnes & Cavanagh,* and oral argument by *Richard P. Cavanagh.*

*Henry J. Hastings,* for the respondent.


WINSLOW, C. J. We do not find it necessary to decide whether the word "administrator" in sec. 4031, Stats., includes an administrator appointed under the laws of another state. This may admit of doubt. In any event, however, the foreign administrator here is in no respect injured by the dismissal of his appeal. This results because, (1) when a person dies testate, primary jurisdiction to probate his will and grant letters testamentary vests in the county court of the testator's residence at his death (*Will of Hess,* 97 Wis. 244, 72 N. W. 638; 18 Cyc. 67); (2) it was necessarily decided by the Kenosha county court, when it probated Durkee's will and assumed general and primary jurisdiction of the estate, that Durkee was a resident of that county;

(3) that decision, rendered after due notice to all parties and never appealed from or reversed, settles the question so far as the parties are concerned in all subsequent actions in the courts of this state (*Huebschmann v. Cotzhausen,* 107 Wis. 64, 82 N. W. 720) ; it was the duty of the county court to appoint an administrator *de bonis non* when, after the discharge of the executor and the closing of his administration, it appeared that there was estate which had not been administered upon (R. S. 1898, sec. 3804) ; (4) the parties agree that there was personal estate left by the deceased consisting of choses in action of various kinds which had not been administered upon; (5) no objection being made to the fitness of *Mr. Hastings,* it follows from the foregoing propositions that the county court simply performed its duty in making the appointment in question; hence, even if the appellant was entitled to appeal, his appeal would only result in affirmance of the order. Under such circumstances the dismissal of his appeal, even if erroneous, cannot be considered a prejudicial error. For such an error there can be no reversal. Sec. 3072*m,* Stats.; *Milwaukee v. Plath,* 156 Wis. 586, 146 N. W. 782.

*By the Court.*—Judgment affirmed.