CABLE, Appellant, v. MARINETTE COUNTY, Respondent.

*October 3—October 30, 1962.*

For the appellant there was a brief and oral argument by *John W. Flood* of Wausaukee.

For the respondent there was a brief by *Francis A. Murphy,* district attorney, and *Eastman, Faller & Pleger* of Marinette of counsel, and oral argument by *Mr. John E. Faller* and *Mr. Murphy.*

BROWN, C. J. The issues raised by this appeal are whether the trial court was in error by granting defendant's motion for a directed verdict, and whether a new trial is necessary to prevent a probable miscarriage of justice.

Counsel for appellant concedes his motion for a new trial was not timely but it is his position on this appeal that this court, by sec. 251.09, Stats., can exercise its discretion and order a new trial under the circumstances presented in this appeal. Sec. 251.09 reads as follows:

"DISCRETIONARY REVERSAL. In any action or proceeding brought to the supreme court by appeal or writ of error,

if it shall appear to that court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse the judgment or order appealed from, regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and may also, in case of reversal, direct the entry of the proper judgment or remit the case to the trial court for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with the statutes governing legal procedure, as shall be deemed necessary to accomplish the ends of justice."

The liability of defendant is predicated on a violation of sec. 81.15, Stats., which reads:

". . . If such damages happen by reason of the insufficiency or want of repairs of a highway which any county by law or by agreement with any town, city, or village is bound to keep in repair, or which occupies any land owned and controlled by the county, the county shall be liable therefor and the claim for damages shall be against the county. . . ."

The controversy presented to the trial court was whether under the facts in this case there was a question for the jury as to a violation of sec. 81.15, Stats., because of insufficiency or want of repair existing under the circumstances.

There is a legal distinction between an insufficiency of a highway and a want of its repair. The existence of an insufficiency constitutes negligence as a matter of law. The situation is analogous to the conclusion that failure to comply with a safety statute constitutes negligence as a matter of law. *Morley v. Reedsburg* (1933), 211 Wis. 504, 248 N. W. 431. But in the situation of want of repair the governmental unit is liable only for ordinary negligence. The plaintiff under that test must show that a defect ex-

isted and the governmental unit was negligent in not repairing it.

The legal distinction between an insufficiency and a want of repair is further explained in *Peake v. Superior* (1900), 106 Wis. 403, 409, 82 N. W. 306, ". . . if the highway was originally constructed with reasonable safety, but afterwards became defective by action of the elements or the act of a third person, and a traveler was injured thereby, the question whether the municipal officials had notice of the defect, or had exercised ordinary and reasonable care and diligence in inspecting the highway and repairing the defect, arises, and must be decided. In other words, the duty to make the street reasonably safe in its original construction is absolute; but the duty to discover and repair defects afterwards occurring, *not by acts of the municipality,* is one involving only ordinary and reasonable care and diligence. This latter duty may properly be called the duty to exercise ordinary care, if the term 'ordinary care' be properly defined." (Emphasis ours.) (*Peake v. Superior* has been overruled on another point by *Fehrman v. Pine River* (1903), 118 Wis. 150, 158, 95 N. W. 105.)

Thus, an insufficiency is also a defect caused by the governmental unit charged with keeping the highway reasonably safe for travel, even though the defect was caused by the governmental unit after the original construction of the highway. Therefore a defect caused by the governmental unit is viewed as an insufficiency rather than a want of repair.

If the condition existing in the highway in the present case be a defect it is an insufficiency under sec. 81.15, Stats. It is undisputed that Marinette county was obligated to keep Highway C free from defects. The dirt was put on the highway by the maintenance crew of Marinette county and not by a third party nor by the elements.

Generally speaking, an insufficiency is a question of fact for the jury with instructions from the court as to the meaning of these terms in the statute. *Kawiecka v. Superior* (1908), 136 Wis. 613, 615, 118 N. W. 192. Innumerable circumstances are to be taken into consideration by the jury in determining whether a given condition renders a highway defective. In the present case, the amount of dirt on the highway and the usual condition of the highway when wet are among the circumstances which are proper for the jury to weigh in reaching its verdict.

In considering whether the condition of the highway was an insufficiency the jury must determine that it was reasonably foreseeable the defect would injure travelers. It is also essential the jury find the insufficiency a substantial cause of the injury. With respect to these two questions, the concrete question of substantial cause and the abstract question of sufficiency, it is proper for the court to instruct the jury to consider "whether the condition of the highway was such that an injury to an ordinarily prudent traveler thereon would be the natural and probable result, and ought reasonably to have been foreseen and anticipated by reasonably prudent officers in the discharge of their duty." *Fehrman v. Pine River, supra* (p. 158).

Although the rain caused the spot on the highway to become slippery, the dirt was placed on the highway by the Marinette county maintenance crew. Under these circumstances it is proper for the court to instruct the jury to determine whether it was reasonably foreseeable that it would rain while the dirt was still present and that the rain would cause the dirt to become slippery. If after considering these circumstances the jury finds that an insufficiency existed in the highway, the condition would be equivalent to a highway not originally constructed with reasonable safety. *Peake v. Superior, supra.*

The provision of sec. 81.15, Stats., relating to the right of recovery against a governmental unit for damages sustained because of an insufficiency, while suggesting absolute liability, an action brought pursuant to this statute is, in legal contemplation, an action for negligence and the comparative-negligence statute applies. *Hales v. Wauwatosa* (1957), 275 Wis. 445, 82 N. W. (2d) 301. Consequently, circumstances relating to the care exercised by the plaintiff are also proper for the jury to consider. *Dralle v. Reedsburg* (1907), 130 Wis. 347, 110 N. W. 210; *Johnson v. Iron River* (1912), 149 Wis. 139, 135 N. W. 522.

By directing a verdict in favor of defendant the issues of whether the condition on the highway constituted an insufficiency and of whether appellant was contributorily negligent were not tried by the jury. To allow this erroneous ruling to stand could not only result in a miscarriage of justice, but it would permit the real controversy to remain untried. Here it appears from the record that due to an erroneous ruling the real controversy has not been fully tried, and we consider that our discretionary power should be exercised pursuant to sec. 251.09, Stats. Under such circumstances it is unnecessary whether proper motions were made. *Raymond v. Century Indemnity Co.* (1953), 264 Wis. 429, 432, 59 N. W. (2d) 459.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.