## MARY L. WELCH'S APPEAL FROM PROBATE.

A husband and wife were divorced upon her petition, and the custody of a child of two years of age was given to the mother. No alimony was prayed for, and the husband, in consideration that none would be claimed, promised to give the wife, and after the divorce gave her, his note for $800. He died a year later. Held that his estate was liable to the mother for a fair proportion, according to his pecuniary ability when living, of the expense incurred by her in the necessary support of the child up to the time of his death.

The statute (Gen. Statutes, tit. 14, ch. 3, sec. 9) which provides that after a divorce the parents of a minor child of the marriage, in need of maintenance, shall contribute according to their respective ability, and that the Superior Court, upon the application of either parent, may make an order for such maintenance, recognizes the duty of the father in the present case to have contributed to the support of the child. This statute was passed since the decision of *Finch* v. *Finch*, 22 Conn. R., 411, and has modified the law as laid down in that case.

Eight years before the divorce a policy of insurance for $1,000 was issued upon the life of the husband upon the application and for the benefit of the wife, the premium being payable in ten yearly installments. The wife held the policy for several years, but at the time of the divorce it was in the husband's possession. He paid the premiums, she occasionally contributing small sums. Both before and after the divorce he promised her that he would keep up the policy by paying the premiums, but there was no consideration for his promise except such as grew out of the facts. He however neglected to pay the next premium falling due after the divorce, and she, relying on his promise, neglected herself to provide for it, and the policy lapsed, and soon after he died. If it had been surrendered while in force the wife would have been entitled to a paid-up policy of $800. Held that the husband's estate was not liable to the wife for the value of the policy.

APPEAL from the doings of commissioners on the insolvent estate of George L. Welch, deceased, in disallowing a claim of the appellant; brought to the Superior Court in Hartford County. The following facts were found by a committee:

The appellant was, on the 8th day of May, 1860, married to George L. Welch, the decedent, of Berlin in this state, with whom she lived as his wife until the 13th day of May, 1873, when, upon her petition, she was lawfully divorced from him by a decree of the Superior Court. By the decree of divorce, the custody of Howard B. Welch, a child of the parties by the marriage, then of the age of two years and six months, was awarded to the appellant. No alimony was asked for in the petition or granted in the decree, but in

consideration that the petitioner would omit the prayer for alimony in her petition, the said George promised to pay her the sum of eight hundred dollars, for which, after the divorce was granted, he gave his note payable three years from date with interest, which note was allowed by the commissioners and is not the subject of controversy in this appeal.

After the divorce was obtained the appellant supported, at her own expense, said minor child, and furnished it with necessary board, clothing, medicine, and nursing, and continued such support from the 13th day of May, 1873, until the 6th day of July, 1874, at which last mentioned date the said George L. Welch died.

If, upon the foregoing facts, the court should be of opinion that the estate of the said George L. Welch was liable to pay the appellant a fair proportion of the necessary expense of such support according to his pecuniary ability during his life to contribute to that object, the committee found that one hundred and eighteen dollars would be a just and fair proportion of such expense for his estate to pay.

The appellant, on the 2d day of September, 1865, while the marriage existed, made a written application to the Continental Life Insurance Company, located in the city of Hartford, for a policy of insurance upon the life of her husband, then about twenty-eight years of age, in the sum of one thousand dollars, for the whole term of his life.   The application was signed by her alone, but the statement of questions and answers annexed to the application was signed by both.

Pursuant to the application, the insurance company issued a policy of insurance, bearing date September 4th, 1865, whereby, in consideration of the representations made in the application, and of the sum of $46.62, in the policy acknowledged to have been paid by the appellant, and of the annual premium of $46.62, to be paid on or before the 4th day of September every year during the term of ten years, the company insured the life of said George L. Welch, for the sole use of the appellant, in the sum of one thousand dollars, for the term of his life; which sum, after deducting premium notes unpaid, the company by said policy agreed to pay the appel-

lant, within ninety days after due notice and satisfactory evidence of the death of said George L. Welch and proof of claim.

For several years the appellant had the policy in her possession, but afterwards, and before the divorce was granted, said George L. Welch had possession of it and retained it after the divorce. All the annual premiums that were paid were in fact paid by said George, the appellant furnishing him occasionally some money of her own for that purpose.

Before the divorce was granted, and also afterwards, said George promised the appellant that he would attend to the payment of the annual premiums himself, so that the amount insured in the policy should be secured to her; and the appellant, relying upon his doing it, neglected to pay the premiums herself; and she did not know that there had been any failure to pay the same till after the decease of said George, and after the policy had been forfeited for non-payment of premiums. The said George paid eight of the annual premiums, but neglected to pay the premium due September 5th, 1873, and the policy thereupon lapsed and determined, and the insurance company was no longer liable to pay the sum insured or any sum thereon.

If the policy had been surrendered while in force, the appellant, at the time it was allowed to lapse, would have been entitled to receive, by the conditions of the policy and the rules of the company, a paid-up policy in the sum of $800. And the cash value of the policy on the day it was allowed to lapse, if it had been surrendered, after deducting premium notes outstanding, was $179.24.

There was no consideration for the promise on the part of said George L. Welch to pay the premiums himself, unless in the opinion of the court the facts herein found show such consideration.

The amount of money furnished by the appellant to said George to assist him in the payment of the premiums amounted in all to the sum of $77. There was no promise on the part of said George to return this money to the appellant, and no agreement of any kind relative to the money so paid, unless the same can by law be implied from the facts found.

Upon these facts the case was reserved for the advice of this court upon the following questions:

1st.   Whether the appellant is entitled to recover the expense of supporting the child referred to in the report.

2d.   Whether the appellant is entitled to recover upon the facts found relating to the life insurance policy for $1,000, and if so, what is the rule of damages.

*C. E. Perkins* and *S. L. Warner*, for the appellant.

1.   We submit that, as matter of law, the estate is bound for the sum of $118 for the expense of supporting the child. Prior to 1854 the duty of support was absolute on both parents.   Neither could sue the other for support since it was equally the duty of each.   The obligation was purely moral, and no promise could be implied.   By the statute of 1854 the duty of maintenance is placed on each "according to their respective abilities."   The object of this statute was to give a remedy as between husband and wife.   Its declaration of a liability, each to the other, according to their respective abilities, gives a right of action to recover it.   The statute supplies the necessity of a promise at common law.   The case finds the sum due under the statute, that is, this sum is due according to the respective ability of each of the parents.   The law implies the promise.   Any proper common law remedy will lie to enforce it.   The provision of the statute, Gen. Stat., p. 189, sec. 9, is merely cumulative.   It contemplated the case of a parent who wantonly refused to provide for the child's support, *having ability*, and not means within the reach of the ordinary legal process.

2.   The second question is raised on the insurance policy. The case discloses a mutual undertaking on the part of Mrs. Welch and her husband, to effect this insurance for the benefit of the wife.   In obtaining the contract, he co-operated with her to the full extent of all that was necessary to be done. He was the legal trustee of his wife, and to a certain extent she was incapacitated to act independently.   Having co-operated with and induced the wife to enter into this undertaking, there was a reciprocal obligation on his part to sustain it,

co-extensive with the contract itself, which as to time was during his life.   There was no agreement that she should pay the whole of the premium originally.   The promise which he made to her subsequently, that he would pay the premium, shows the original undertaking to have been, that in consideration of her application to obtain the insurance and the payment of the money in fact paid by her, he would pay the amounts thereafter becoming due as premiums.   It would be a gross wrong to the wife, if the husband, having such control over her estate and person as the policy of our law gives him, could inveigle her into a contract of this nature, be a party to her obligation, and, in fact, appropriate her funds to its partial discharge, and then be suffered by any fraud or falsehood to circumvent her and deprive her of the benefit of the contract. Such a case presents additional hardship where, as in this, the wife is obliged, by his misconduct, to separate from him, leaving all her estate in his hands.   Nor can it be said that this contract is without consideration; their mutual co-operation was a sufficient consideration and imposed upon him the life-long duty of doing nothing to impair the contract.   Having as her trustee co-operated with her and appropriated her funds towards partial payment of the contract and being still indebted to her, and evidently receiving the policy for the purpose of her protection, he is bound by his assurance that he had kept the policy in force, and would be in law so bound whether he had or not.   Again, admitting the contract to have been one in which Mrs. Welch was the sole party obligated for the premiums; the case discloses the deceased during coverture as the appellant's trustee or agent, touching this matter of insurance, and he retained the policy in his possession.   After the divorce her funds were in his hands and he assumed to act as her agent in regard thereto.   The assumption of an agency is a valid consideration for any promise or undertaking in connection therewith.   The consideration is the trust, and the implication which the law makes is, that where any one assumes to act for another, he promises to use the diligence and honesty necessary to the faithful performance of his undertaking, and it makes no difference in this class of cases whether the service is voluntary or not.

3. But Welch's estate is estopped from denying the fact of a consideration. If he had not, in fact, intended to pay the premium, he should have notified Mrs. Welch that his agency in that behalf was ended; having once assumed to pay the premiums with her assent, the law will presume that the obligation is continuous until notice. But we submit that, when this obligation is coupled with positive fraud and false-hood, relying upon which she is found not to have provided for the payment of these premiums, there is no ground for questioning the fact, and there can be no equity in denying, that the estate is estopped from setting up a lack of consideration for the promise thus acted upon.

4. The rule of damage is the one thousand dollars which she would have received had he kept his undertaking. If our view of the contract is correct, that he had undertaken to pay the subsequently accruing premiums, and to keep the policy alive, in consideration of her application and payment of what she did pay, there is to be no abatement of the $1,000 on account of any accruing premiums.

*C. J. Cole*, for the appellees.

1. Upon the facts, as they appear in the finding, the appellant cannot recover for the support of the child. The father's liability to a third person for support furnished his minor children, when taken from him, depends upon a promise, express or implied. Without such promise there is no liability. *Dodge* v. *Adams*, 19 Pick., 429; *Cook* v. *Bradley*, 7 Conn., 61, 65; *Finch* v. *Finch*, 22 id., 415, 421; *Rolfe* v. *Abbott*, 6 Car. & P., 288. The statute of 1854, (Rev. 1875, p. 189,) does not change or increase the father's liability, nor does it provide any new remedy. It is declaratory of the law as it existed prior to that time. *Burritt* v. *Burritt*, 29 Barb., 124. The divorce separated the husband from the wife, and terminated all claims which she had upon him by virtue of that relation. *Starr* v. *Pease*, 8 Conn., 545. And when she applied for the custody of the child, and obtained it without asking a decree for its maintenance, she must be deemed to have assumed the burden of its support, and relin-

quished, for the time being, all claim upon the father.   In the absence of an express promise on his part, there was only one way in which she could compel him to contribute.   Having voluntarily abandoned that, she is without remedy.   *Burritt* v. *Burritt*, 29 Barb., 129.   The note of $800 given by the husband was probably intended and received by her as sufficient provision for the child's support.   The committee has not found that the child was in "need of maintenance," and thus has failed to bring the claim within the terms of the statute.

2.   The appellant cannot recover upon the husband's promise to attend to the payment of the annual premiums on the life insurance policy, because the promise was a mere *voluntary statement of intention made without consideration*.   The promise made before the divorce was clearly void at law and in equity.   2 Kent Com., 129.   A voluntary promise from the husband to the wife, being only executory, has never been decreed in chancery to be performed.   Reeve's Dom. Rel., 3d ed., 174.   The promise made before the divorce was not a sufficient consideration for the promise made after the divorce. A moral consideration is nothing unless founded upon a prior legal consideration.   *Cook* v. *Bradley*, 7 Conn., 57 ; *Mills* v. *Wyman*, 3 Pick., 207 ; *Dodge* v. *Adams*, 19 id., 429.   The contract of insurance was between the wife and the company. His acts in relation to it, before the divorce, were voluntary, and in accordance with the ordinary relations existing between husband and wife.   The promise made after the divorce was made to a stranger, having no moral or legal claim upon him, except such as the court which passed the decree had established.   "The leading rule with respect to consideration is, that it must be some benefit to the party by whom the promise is made, or to a third person at his instance, or some detriment sustained *at the instance* of the party promising, by the party in whose favor the promise is made."   2 Black. Com., (Chitty ed.,) 445, note 8.   This case does not come within any of the principles of that definition.   The test is, Was the promise binding when made ?   If not, then the appellant's neglect cannot furnish a consideration which will create an

obligation where none existed before. *Thorne* v. *Deas*, 4 Johns., 84. Is the appellee estopped to deny a consideration ? If so, then every naked promise would operate as an estoppel, and all agreements, with or without consideration, would become valid and binding. The elements of an estoppel are wanting in this case. A definition of estoppel embraces, among other things, "a representation of material facts, *external* to the transaction, and having reference to a present or past state of things." Bigelow on Estoppel, 480, 482, and cases cited. A naked, voluntary promise cannot operate as an estoppel. *Thorne* v. *Deas*, 4 Johns., 84.

3. If the estate is liable, the damage to the appellant is measured by the cash value of the lapsed policy, namely, $179.24. Default was made in payment of the premiums due September 5th, 1873, when the policy lapsed. George L. Welch lived until July 6, 1874, a period of ten months, during all which time the appellant might have taken out a new policy on his life. She neglected to do so, and cannot now charge his estate with the consequence of her negligence.

FOSTER, J. The first question in this case, reserved for the consideration and advice of this court, is, whether the appellant is entitled to recover the expense of supporting the child referred to in the report.

George L. Welch, against whose estate this claim was presented, died on the 6th of July, 1874. At the April term, 1873, of the Superior Court for the county of Middlesex, the appellant was divorced from the said George L. Welch, to whom she had previously been lawfully married. The custody of a minor child, Howard B. Welch, of the age of two and a half years, the offspring of the marriage, was by the court awarded to the appellant. No alimony was asked for in the petition, nor was any granted by the court, but in consideration of the omission to ask for alimony, the said George L. Welch promised to pay the appellant the sum of $800, for which sum he gave her his note on the first of July, 1873, and as to the payment of the same no question is made.

After the divorce was obtained, the appellant supported

said minor child at her own expense, from the 13th of May, 1873, till the 6th of July, 1874, when the said George L. Welch died.   It is for the support furnished during this period of time that a recovery is sought.

Payment of the claim is resisted on the ground that the father's liability, to a third person, for support furnished his minor children when taken from him, depends upon a promise, express or implied; that without such promise there is no liability; that the divorce separated the husband from the wife, and terminated all claims which she had upon him by virtue of that relation; that when she applied for the custody of the child and obtained it, without asking for a decree for its maintenance, she must be deemed to have assumed the burden of its support, and relinquished, for the time being, all claim upon the father; that the provision made in lieu of alimony was probably intended and received as sufficient for the child's support, and that it is not found by the committee that the child was in need of maintenance.

The parental relation is not affected by a decree of divorce, which merely dissolves the marriage.   The previous duties and obligations continue as before as between parents and children.   In this case the court which granted the divorce, impaired, to some extent, the rights of the father, by giving to the mother the custody of their infant child.

We think the estate of the father is liable for the amount stated in the report.   We think the case distinguishable from the case of *Finch* v. *Finch*, 22 Conn., 411, where the right of the mother, after a divorce, to recover against the father for the support of the children, was denied.   The principles enunciated by this court in the case of *Stanton* v. *Wilson*, 3 Day, 37, certainly sustain the plaintiff's claim.   Moreover, the statute of 1854 exercises an important, if not a controlling, influence over this case.   It was passed since the decision of *Finch* v. *Finch*, and provides that, upon the dissolution of a marriage by divorce, the parents of a minor child of such marriage, in need of maintenance, shall maintain it according to their respective abilities, etc.   Gen. Statutes, p. 189, sec. 9.

It appearing of record that the Superior Court has found

that the sum of $118 would be, and is, a just and fair proportion of the expense of supporting the child for said George L. Welch and his estate to pay, we advise judgment for that sum in favor of the appellant.

The second question, and the only remaining one reserved for our advice, is, whether the appellant is entitled to recover upon the facts found relating to the life insurance policy for $1,000, and if so, what is the rule of damages.

The policy in question was taken out in 1865, during the continuance of the marriage, and lapsed for the non-payment of the premium, after the divorce, in 1873. The facts connected with this matter are set forth in detail in the report, but we deem it unnecessary to recapitulate them, because we think they furnish the appellant no legal grounds of claim against the estate of the deceased.

Upon the two questions thus reserved for our advice, we advise the court below to answer the first question in the affirmative, and the second in the negative.

In this opinion the other judges concurred.