Schultz, Appellant, vs. Schultz and another, Respondents.

*May 9—May 29, 1903.*

*Former judgment:* Res adjudicata.

S.'s husband gave plaintiff a mortgage on his homestead, in which
S. did not join, which was void by virtue of the provisions of
sec. 2203, Stats. 1898.   Thereafter S. procured a divorce, and
the judgment awarding alimony adjudged payment thereof to
be a charge as a lien on such homestead.   Plaintiff thereafter
sought to foreclose his mortgage, alleging that it secured the
repayment of purchase money, and made S. a party, who set
up her lien by virtue of said divorce judgment, and, after full
hearing, judgment was entered dismissing the complaint.   In
a subsequent action plaintiff sought to have his lien for the
purchase money adjudged prior to S.'s lien for alimony, on the

ground that it was for purchase money, and in that action S., having been made a party, pleaded the former judgment. *Held*, that the question was *res adjudicata*, and binding on the plaintiff.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This action was brought to have $1,050, alleged to have been advanced by the plaintiff to the defendant *William Schultz* in the year 1889 to pay the purchase price of the lot described, and $46.40, paid by the plaintiff for taxes on the premises in 1895 and 1896, adjudged to be a lien upon said premises prior to and paramount to the lien or claim of the defendant *Augusta Schultz,* whether by the judgment of divorce which she obtained from the defendant *William Schultz* April 3, 1897, or otherwise. It appears and is undisputed that May 10, 1890, the defendant *Augusta* married the defendant *William;* that the plaintiff is a brother of *William;* that June 15, 1896, *William* gave to the plaintiff his note for $1,500, to cover the advances so made by the plaintiff to *William,* and interest thereon and taxes, and at the same time *William* gave to the plaintiff a mortgage on said lot to secure the payment of said note; that August 22, 1896, *Augusta* commenced an action against *William* for a divorce on the ground of cruel and inhuman treatment; that April 3, 1897, judgment of divorce was granted and rendered in favor of *Augusta* and against *William* on the ground of such cruel and inhuman treatment committed June 20, 1894, by reason of which *Augusta* was then forced to separate from and live apart from *William,* and continued thereafter to so live separate from him; that in that judgment of divorce there was allowed to *Augusta* out of the estate of *William* $1,500 as alimony, payable within thirty days after the entry of such judgment, and therein adjudged that such payment was to be charged as a lien upon said lot and the dwell-

ing house thereon, and that in default in such payment the
same be enforced by execution; that some time after the ren-
dition of such judgment of divorce the plaintiff commenced
an action to foreclose the note and mortgage so given to him
by *William;* that it was alleged, in effect, in the complaint
in that foreclosure action, that the mortgage was so given to
secure the payment of $1,500, being a part of the purchase
price of the lot advanced and loaned by the plaintiff to *Will-
iam,* for the express purpose of paying a part of such pur-
chase price on the purchase of the lot by *William* from one
John J. Rothers, to whom said money was paid. *Augusta*
was made defendant in such foreclosure action, and served
her separate answer therein August 24, 1897, and which an-
swer consists of admissions and denials and counter allega-
tions, in effect, setting up such judgment of divorce and the
allowance of alimony and the charge and lien thereof upon
the lot; that the note and mortgage were executed in fraud,
and for the purpose of defeating any and all her rights in
the lot by virtue of said judgment of divorce and her dower
and homestead interest in the lot, which at the time of the
execution of the mortgage was a homestead, and has since
continued to be; and that the mortgage was executed with-
out her knowledge, consent, or signature, and contrary to and
in violation of sec. 2203, R. S. 1878. At the close of the trial
of the issues so made in the foreclosure action, and on Febru-
ary 11, 1898, the court found, among other things, in effect,
that the plaintiff had failed to prove the allegations of his
complaint therein to the effect that the note and mortgage
were so given to secure the payment of the purchase price of
$1,500 for the lot advanced and loaned by the plaintiff to
*William* for the express purpose of paying such purchase
price; and further found, in effect, that the several allega-
tions so contained in the answer of *Augusta* had been proven,
and were true. And as conclusions of law the court found,
in effect, that the moneys claimed to have been advanced by

the plaintiff to *William* were not for the purchase of the lot; that the mortgage was null and void, and should be discharged of record; that the complaint therein should be dismissed, with costs; and that the lien upon the lot given to *Augusta* by the judgment of divorce should be prior to any and all liens of the plaintiff on the lot, and judgment was entered therein accordingly. Thereupon, and on July 8, 1898, the plaintiff commenced this action to have the money so advanced and loaned by the plaintiff to *William* in 1889 adjudged to be a lien on the lot prior and paramount to the lien adjudged to *Augusta* in the divorce judgment. The defendant *Augusta* answered the complaint in this action by way of admissions, denials, and counter allegations, and alleges, in effect, the judgment in the foreclosure action, and that the moneys so advanced and paid by the plaintiff to *William* were not for the purchase price of the lot, and that her lien by virtue of the divorce judgment was prior to any and all claims of the plaintiff to the land, and that the judgment in the foreclosure action was still in force and unreversed. At the close of the trial of such issues the court found, in effect, that the money advanced and loaned by the plaintiff to *William* and evidenced by the $1,500 note and mortgage was not paid nor caused to be paid as part of the purchase money of the lot in question; that the issues of fact respecting the same were duly heard, litigated, tried, and determined in the foreclosure action; that all claims relating to the question of the purchase-price money claimed by the plaintiff in this action were also litigated in that action, and heard, tried, and determined therein, and related to the same property described in the complaint in this action; that it was therein determined that the lien given to *Augusta* in the divorce judgment was therein made a prior lien to any and all claims of the plaintiff to the lot, or any part thereof, and that no appeal had been taken from the judgment in the foreclosure action. And as a conclusion of law the court found that the judgment

in the foreclosure action is a bar to this action, that the lien given to *Augusta* in the divorce judgment is prior to and superior to any and all claims for lien by the plaintiff in this action, and that she is entitled to judgment dismissing the complaint herein, with costs, and ordered judgment accordingly. From the judgment so entered the plaintiff brings this appeal.

For the appellant the cause was submitted on the brief of *A. C. Umbreit,* attorney, and *Hoyt, Doe, Umbreit & Olwell,* of counsel.

*Carl Runge,* for the respondents.

CASSODAY, C. J. Two courts have found that the money advanced and loaned by the plaintiff to the defendant *William* was not so paid nor caused to be paid as a part of the purchase price of the lot. Nevertheless, counsel for the plaintiff contends that the finding should have been the other way. It is unnecessary to determine the question here, since the whole question was at issue and fully determined in the foreclosure action. The defendant *Augusta* was a defendant in that action. The plaintiff's complaint therein alleged that she had, or claimed to have, some interest in or lien upon the mortgaged premises, or some part thereof, which interest or lien, if any, had accrued subsequently to the lien of the mortgage. *Augusta* was the wife of *William* at the time he gave the note and mortgage, and had been for six years, but she did not sign the mortgage, notwithstanding it was upon their homestead; and the statute (sec. 2203) made it void without her signature, unless it was given to secure purchase money. And so, to get a lien upon such homestead prior and paramount to any lien or claim of *Augusta,* the complaint in the foreclosure action alleged, as mentioned in the foregoing statement, that the mortgage was given to secure the payment of part of the purchase price of the land. *Augusta* answered, and took issue with such allegation. After full hearing, the

court decided in her favor, and dismissed the foreclosure action. There can be no question but that the judgment entered therein is *res adjudicata,* and binding upon the plaintiff. *Keystone L. Co. v. Kolman,* 103 Wis. 300, 303, 79 N. W. 224, and cases there cited; *Hart v. Moulton,* 104 Wis. 349, 80 N. W. 599; *South Bend C. P. Co. v. George C. Cribb Co.* 105 Wis. 445, 81 N. W. 675; *Huebschmann v. Cotzhausen,* 107 Wis. 64, 73, 82 N. W. 720. It follows that the court properly rendered judgment in this case in favor of the defendant *Augusta* and against the plaintiff.

*By the Court.*—The judgment of the circuit court is affirmed.