SCHULTZ, Respondent, vs. SCHULTZ, Appellant.

*September 26—October 15, 1907.*

*Appeal and error: Appeal from order: Sufficiency of certification of records: Homestead: Exemption from execution: Alimony: Judgment in divorce action: Liens: Enforcement on homestead of husband: "Any real estate of the party liable:" Rights of execution purchaser: Writ of assistance.*

1. An order allowing a writ of assistance recited that it came on to be heard upon the petition of plaintiff, the filing of an affidavit of prejudice, the calling in of another judge, the appearance of the parties, the filing of a reply to the petition and an answer to such reply, but did not refer to any other papers nor specifically recite that the order for the writ was made upon the several papers described. The certificate of the clerk, attached to the record, was to the effect that the annexed papers were the original notice of appeal and undertaking, the original order mentioned in the notice of appeal, and all the original papers used by each party on the application for the order appealed from. On the hearing of the motion for the writ reference was made in the affidavits used to all the records, files, and proceedings in a divorce action between the parties, and proceedings to enforce the judgment in that action, but none of these were recited in the order appealed from nor transmitted with the appeal papers. No motion was made to dismiss the appeal for informality. *Held*, that the order appealed from and the certification to the supreme court were not so informal as to require that court to dismiss the appeal on its own motion for lack of jurisdiction.

2. Sec. 2983, Stats. (1898), exempts a homestead from seizure or sale on execution, from the lien of every judgment, and from liability in any form for the debts of the owner, "except as otherwise provided in these statutes," and sec. 2367 provides in actions for divorce, where alimony or other allowance is made for wife or children, that the court "may impose the same as a charge upon any specific real estate of the party liable." *Held,* that the phrase "any real estate of the party liable" includes a homestead.

3. Where, in an action by the wife for divorce, the court adjudged that the husband pay a certain sum to the wife "as a just and equitable share of their property both real and personal," such sum may lawfully be charged as a lien upon real estate con-

stituting the homestead of the husband, to be enforced in such manner as the court shall direct.

4. In such case the court's action in ordering the issue of a general execution to enforce such judgment was proper, did not release the specific lien decreed by the judgment, and a sale thereunder was valid.

5. The purchaser at such execution sale having applied for a writ of assistance, and the husband having shown no legal cause against the granting of the writ, the writ was properly granted.

APPEAL from an order of the circuit court for Milwaukee county: JAMES J. DICK, Judge. · *Affirmed.*

The appeal is from an order allowing a writ of assistance.

The cause was submitted for the appellant on the brief of *Umbreit & Umbreit.*

*Carl Runge,* for the respondent.

TIMLIN, J.    The order appealed from recites that the motion for the writ came on to be heard on the petition of *Augusta Schultz,* the filing of an affidavit of prejudice against all the circuit judges for Milwaukee county by the appellant, the calling in of the Honorable J. J. DICK, circuit judge of the Thirteenth circuit, to hear, try, and determine the motion, the appearances for the parties, the filing of a reply to said petition, and the filing of an answer to said reply; but does not refer to any other papers, and does not expressly recite that the order for the writ of assistance was made upon the several papers described.    The certificate of the clerk of the circuit court is to the effect that the annexed and foregoing are the original notice of appeal and undertaking, the original order mentioned in said notice of appeal, and all the original papers used by each party on the application for the order appealed from.    In the papers described as aforesaid is a description of the judgment by quoting therefrom as follows:

"The said defendant, *William Schultz,* pay to the plaintiff, *Augusta Schultz,* the sum of $1,500 as alimony and as her just and equitable share of their property both real and personal, said alimony or allowance to be for the full pay-

ment of all claims that the plaintiff may have against the defendant for her support or the support of their said child, Hedwig Schultz, and said sum of $1,500 shall be in lieu of all alimony and attorney's fees heretofore ordered and for the costs of this action; that the defendant, *William Schultz,* pay to the plaintiff, *Augusta Schultz,* the said $1,500 within thirty days after the service of a copy of this judgment upon him, the said *William Schultz;* that said payment of the said $1,500 be charged as a lien upon the following described real estate of the defendant, to wit, lot No. 16 in block No. 14 in Plankinton's addition in the Ninth ward of the city of Milwaukee, with the dwelling house thereon; that the custody of the infant child of the parties be and is hereby awarded to the plaintiff; and that upon the neglect or refusal of the defendant to make such payment as is hereby adjudged, the plaintiff, upon filing an affidavit showing such failure or refusal, may apply to the court for an order for the enforcement of the same in such manner as to the court may seem proper."

A motion was made upon notice to appellant by the respondent for the enforcement of this judgment. The court ordered it enforced by execution sale. The execution was delivered to the sheriff March 30, 1905. The premises were sold under execution May 22, 1905, to the respondent for the sum of $1,600. September 18, 1906, a sheriff's deed was issued to the respondent on such sale and she demanded possession of the premises in question, which possession was refused, whereupon she applied for the writ of assistance in question. The execution, as described in the petition for the writ of assistance, seems to have been a general execution. It further appeared that upon the motion for the enforcement of the judgment above quoted the appellant appeared and resisted the motion upon the ground that the premises in question were his homestead, but this objection was overruled and the writ of execution allowed. Upon the motion for writ of assistance the appellant again appeared in opposition and showed that the premises in question constituted his homestead. Upon this hearing reference was made in the

affidavits used to all records, files, and proceedings had in the divorce action and the proceedings for leave to enforce the judgment therein, but none of these are recited in the order appealed from nor transmitted to this court with the appeal papers. No motion, however, is made to dismiss the appeal on this ground, but it might be well to refer counsel to sec. 6 of Circuit Court Rule XI, which requires all orders of the court or a judge, whether granted *ex parte,* by default, or otherwise, to briefly refer to all the records, petitions, affidavits, and other papers read or used by either party upon the application for the order, and to the case of *Ellis v. Ashland,* 117 Wis. 575, 94 N. W. 292, and cases cited in the opinion. The order appealed from and the certification to this court are not, however, so informal as to require the dismissal of this appeal *sua sponte* for lack of jurisdiction. The judgment in the divorce action, as quoted above, made the sum of $1,500 therein awarded to the respondent a specific lien upon the particular tract of land described, which we will assume, as most favorable to appellant, was then the homestead of the parties. Was this within the power of the court in the divorce action? *Schultz v. Schultz,* 118 Wis. 228, 95 N. W. 151, sustains this power by implication. *Webster v. Webster,* 64 Wis. 438, 25 N. W. 434, holds that by the decree of divorce the court may divest the husband's title to the homestead and vest it in the wife. *Riehl v. Bingenheimer,* 28 Wis. 84, holds that a husband may by deed which his wife does not sign as grantor convey the homestead directly to the wife. Sec. 2983, Stats. (1898), as it existed prior to the enactment of ch. 269, Laws of 1901, and as it exists after that amendment, exempts the homestead from seizure or sale on execution, from the lien of every judgment, and from liability in any form for the debts of such owner. This statute is expressly subject to the exception, viz.: "Except as otherwise provided in these statutes." Sec. 2367, Stats. (1898), provides in actions for divorce,

where alimony or other allowance for wife or children is made, the court "may impose the same as a charge upon any specific real estate of the party liable." "Any real estate of the party liable" must include the homestead, unless there is some ground for limiting the broad generality of the expression. Such ground cannot be found in sec. 2983, Stats. (1898), considering the exception therein contained. The cases hereinbefore cited from this court, as well as the general trend of decisions outside this state, favor this construction of the two sections of the statutes above referred to. *Best v. Zutavern,* 53 Neb. 604, 74 N. W. 64; *Blankenship v. Blankenship,* 19 Kan. 159; *Mahoney v. Mahoney,* 59 Minn. 347, 61 N. W. 334. We conclude that the homestead of the appellant was lawfully charged with the lien. The issue of a general writ of execution upon the order of the court for the purpose of enforcing this judgment could not be taken to have released the specific lien decreed by the judgment. Sec. 2967, Stats. (1898); subd. 3, sec. 2969, Stats. (1898); *First Nat. Bank v. Greenwood,* 79 Wis. 269, 276, 45 N. W. 810, 48 N. W. 421; *Bailey v. Hull,* 11 Wis. 289. This case is not ruled by *Stanley v. Sullivan,* 71 Wis. 585, 37 N. W. 801, where the decree of divorce awarded alimony by a mere money judgment which became a lien, if at all, only by docketing the judgment. In such cases an execution issued can have no other effect than an execution issued upon any other money judgment. Having arrived at the conclusion that the execution sale under the decree in question was valid, conceding that the premises constituted a homestead, it becomes unnecessary to consider the question of the estoppel of the appellant by the order for the issue of execution and his appearance and objections to the granting of such order. The appellant showed no legal cause against the granting of the writ, and the writ was properly granted under sec. 3025, Stats. (1898).

*By the Court.*—The order of the circuit court is affirmed.