ASHBY, Respondent, vs. ASHBY, Appellant.

*May 31—July 13, 1921.*

*Divorce: Judgment for alimony: Limitation of actions: Laches:*
*Modification of judgment: Imposing charge on homestead.*

1. As a judgment for alimony is a continuing judgment, always subject to modification by the court during the life of the parties, the statute of limitations (sub. (1), sec. 4220) does not apply.
2. Where a divorce judgment awarded the wife $10 a month as alimony, but the husband, after paying the alimony for a few years, made no further payments for forty-four years in reliance on the advice of his attorney, the rights of the wife were not lost by reason of her passivity and inaction during that time; but, the husband having become old and infirm and incapable of earning a livelihood by his own personal efforts and having accumulated only a small amount of property, the judgment should be so modified, in view of the changed and altered circumstances, as to award to the wife a reasonable amount in lieu of past-due alimony.

3. Under sec. 2367, Stats., providing that when alimony shall be adjudged to the wife the court may provide for payment at such times as shall be deemed expedient and impose it as a charge upon any specific real estate of the party liable, the court may impose a charge or lien for past-due alimony on the husband's real estate, whether it be a homestead or not.

APPEAL from an order and a judgment of the circuit court for Winnebago county: CHESTER A. FOWLER, Judge. *Reversed.*

The appeal is from an order directing appellant to pay twenty years' arrears of alimony and interest thereon, amounting to the sum of $3,922.30, with costs, the original judgment having been entered on April 20, 1871.

The judgment for divorce provided for a dissolution of the marital ties upon the ground set forth in plaintiff's complaint, namely, wilful desertion, and it also adjudged that the custody of the minor child of the parties, Charles Morris Ashby, be awarded to the plaintiff, and that the defendant pay to the plaintiff the sum of $10 per month, payable monthly, as alimony; and that such alimony shall commence on the date thereof.

It appears also that the allowance for alimony provided for by said judgment was paid until July, 1874; that in September, 1876, the defendant, being then in arrears in the payment of alimony, was ordered by said court to show cause why he should not be punished for contempt for failure to pay alimony under said judgment; that said matter duly came on for a hearing before the court; that the court refused to punish the defendant for alleged contempt, and that the petition of the plaintiff was dismissed. That after the determination by the court of said application to punish the defendant for contempt, the defendant was assured by his attorney, one James Freeman, that he would not be obliged to pay any further attention to the payment of alimony under said judgment, and that thereafter he paid no further attention to such judgment until the year 1920, when

an application was made by petition in the above entitled action in said circuit court, wherein the plaintiff prayed for an order to show cause directing said defendant to appear before said circuit court and show cause, if any he have, why all unpaid instalments of alimony under the original judgment and further accruing instalments should not be paid, and why the defendant should not be punished for failure to pay the alimony so adjudged, and for such other and further relief as the court, under all the circumstances, might deem just and equitable.

In and by this petition of the plaintiff it is stated that the minor child of the parties was born in October, 1870; that since July, 1874, the defendant failed and refused to pay the alimony provided for by the original judgment; that a formal demand for the payment of the alimony in arrears was made of defendant, in writing, on January 21, 1920, at Winneconne, Winnebago county, Wisconsin, which was the place of defendant's residence and where he has continued to reside since said decree of divorce was entered; that there was due plaintiff from the defendant on January 21, 1920, for alimony the sum of $5,460; that the infant child of the parties was an invalid and lived with the plaintiff and was supported by her until he was twenty-eight years of age, when he died; that the plaintiff, ever since the divorce was granted, was the owner of no property and had no income excepting such as she was able to secure by menial labor, and that with her earnings and some outside aid she eked out a miserable existence during all those years; that by a former husband petitioner had a daughter, who married a man by the name of Hamilton, who resided in South Dakota, and that both the daughter and her husband were impecunious, but aided and assisted the plaintiff to the best of their ability. That the plaintiff is now seventy-five years of age, and physically unable to perform labor or to earn money in order to provide the necessities of life; that she

is reduced to penury and want; that she was obliged to re-move to South Dakota and live with her daughter and son-in-law in order to secure their aid and support.

Upon such petition, after demand had been made for the payment of alimony, an order to show cause was procured and a hearing had thereon. The petition of the plaintiff is supported by affidavits of the daughter, Mrs. Hamilton, and her husband, H. J. Hamilton.

The defendant filed an affidavit which, among other things, alleged that from 1876 until late in the year 1919 no demand was made upon him for payment of alimony under said judgment by the plaintiff or by any one else in her behalf. That he has no money, property, or means of any kind whatsoever, excepting a pension which he receives from the United States government in the sum of $30 per month; and that he is the owner of a Liberty bond of $50 and three small parcels of real estate in the village of Winneconne worth not to exceed $2,500. It further states that he is of an advanced age (the exact age of defendant not appearing of record) and that he is unable to engage in any gainful occupation and has no means of support.

Upon the hearing of said order to show cause the court ordered and adjudged that the defendant be not punished for contempt; that plaintiff do have and recover as judgment herein, of and from the defendant, the sum of $3,922.30 and the taxable disbursements of this proceeding, stipulated at $22.80; that said judgment be paid by said defendant forthwith, and should any portion of defendant's real estate be occupied as a homestead so that it is not subject to exe-cution, and defendant refuse to sell or incumber it to satisfy the above amount so ordered, he may be cited for contempt for failure to abide by this order. And it was further ordered that the defendant continue to pay alimony to plaint-iff herein pursuant to the original judgment, the first pay-ment of said alimony to be made as of date of July 1, 1920,

and to be made monthly thereafter until the further order of the court; and that the defendant be subject to proceedings for punishment for contempt in case of his refusal so to do.

The record does not satisfactorily disclose the property owned by the defendant or its value. Among other things the plaintiff in her affidavit states that the defendant had, a short time prior to the making of her petition, sold and conveyed a certain piece of land in Winnebago county of the value of $7,600, and that the proceeds of such sale, and other property, constituted the assets of the defendant.

For the appellant the cause was submitted on the brief of *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh.

*E. R. Hicks* of Oshkosh, for the respondent.

DOERFLER, J.    It is contended by defendant's counsel that under the statutes of limitation, sub. (1), sec. 4220, plaintiff's petition should have been dismissed; that she was guilty of laches; and that the court was without authority to direct the conveyance of defendant's homestead to pay arrears of alimony.    We will take up and treat these contentions together.

It is held in the case of *Campbell v. Campbell,* 37 Wis. 206, 211:

"The measure of support of the wife and of children committed to the care of the wife depends largely on their need, age and other circumstances, and on the ability of the husband.    These are all essentially changeable from time to time; and the support of the wife and children in the wife's care comes within the same policy of continuing authority after divorce, to be exercised from time to time, in view of changes in the premises in which the measure of support rests."

It is also held in *Bacon v. Bacon,* 43 Wis. 197, 204:

"Alimony always rested in discretion, was variable and revocable; subject to the continuing authority of the court

over it, to be exercised from time to time, in view of changes in the premises on which it had been granted.    *Campbell v. Campbell,* 37 Wis. 206.    So sec. 28 [of the chapter on divorce as it then existed], still dealing with alimony in its proper, technical sense, authorizes the revision of the judgment granting it, and such new judgment for it, from time to time afterward, as the court might have originally made. *Helden v. Helden,* 7 Wis. 296; *Williams v. Williams,* 29 Wis. 517; *S. C.* 36 Wis. 362; *Campbell v. Campbell, supra; Hopkins v. Hopkins,* 40 Wis. 462; *Thomas v. Thomas,* 41 Wis. 229."

So that it appears from the foregoing that inasmuch as the judgment for alimony is a continuing judgment, always subject to modification by the court during the life of the parties, the statute of limitations cannot and does not apply.

Sec. 2367, Stats., provides:

"In all cases where alimony or other allowance shall be adjudged to the wife or for the maintenance or education of the children the court may provide that the same shall be paid in such sums and at such times as shall be deemed expedient, and may impose the same as a charge upon any specific real estate of the party liable or may require sufficient security to be given for the payment thereof according to the judgment; . . ."

For a period of forty-four years the plaintiff has made every effort to support herself and her child.    The fact is undisputed that she has not had an easy life of it and that she has been compelled, in addition to performing hard menial labor, to depend in a degree upon the aid and assistance offered to her by her daughter and son-in-law.    During all these years, apparently, no demand was made for the payment of the arrears in alimony and no application was made to the court to enforce such payment.    It evidently appears that the defendant relied upon the advice given to him by his attorney, which was to the effect that he did not need to pay any further attention to the payment of alimony, and the plaintiff evidently construed the action of the court

at that time with respect to her application to mean that she had no further rights in the premises. However that may be, her rights were not lost by reason of her passivity and inaction, and during all this time the obligation rested upon the defendant to comply with the provisions of the judgment.

It can also be said in this case, as was said in *Campbell v. Campbell*, 37 Wis. 206:

"The appellant seems to have thriven since he escaped from the expense of maintaining the respondent and their child. His inexpensive life and his failure to pay even the pittance allowed by the judgment of divorce, no doubt aided him in acquiring and keeping his present estate. . . ."

"Laches in a general sense is the neglect, for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done." 21 Corp. Jur. p. 210, § 211.

"A stale demand or claim in its proper sense is one that has for a long time remained unasserted; one that is first asserted after an unexplained delay of such great length as to render it difficult or impossible for the court to ascertain the truth of the matters in controversy and do justice between the parties," etc.

"Staleness of claim necessarily implies great lapse of time." 21 Corp. Jur. p. 210, § 211.

While the defendant has not accumulated a large amount of property, it appears from the record that his accumulations are sufficient to reasonably provide for him during the rest of his life. Besides, he is the recipient of a pension from the government of $30 a month, which it is claimed by counsel for the plaintiff has recently been increased to $50 a month.

While the failure on the part of the defendant to comply with the judgment of the court is inexcusable, we can find little excuse for the plaintiff's long delay in asserting her rights under the judgment. Had she insisted upon her rights from time to time, the life of the defendant undoubtedly would have been so regulated as to make proper

provision for the payment of this judgment. She waited until the defendant became aged and, by reason of old age, infirm, and thus incapable now of earning a livelihood by his own personal efforts.

Under the circumstances we consider it inequitable to enforce the judgment as it now stands, and under the decision in *Campbell v. Campbell,* 37 Wis. 206, and *Bacon v. Bacon,* 43 Wis. 197, would advise a revision and modification of this judgment, in view of the changed and altered circumstances now existing, under and pursuant to which the plaintiff be adjudged a reasonable amount in lieu of past-due alimony, with a provision under. sec. 2367, Stats., that the allowance when so made may be imposed as a charge upon the real estate of the defendant.

Sec. 2367 clearly authorizes the court to impose a charge on lien upon the real estate of the defendant, whether it be a homestead or not. *Schultz v. Schultz,* 133 Wis. 125, 113 N. W. 445.

Inasmuch as the value of the defendant's property has not been definitely fixed and determined, it is also suggested that, upon the record being returned to the circuit court, further proceedings be had with the view of definitely fixing the value of such property.

In view of what has been said, the order of the circuit court is reversed, with directions to take such further proceedings in the premises as are indicated in this opinion.

*By the Court.*—It is so ordered.