### Rose M. Castagnola v. Alfred S. Fatool

Superior Court        Fairfield County        File No. 74970

Memorandum filed February 8, 1949.

*Louis Stein,* of Bridgeport, for the Plaintiff.

*Wilson, Hanna & Wanderer,* of Danbury, for the Defendant.

COMLEY, J.   The parties to this action, who had intermarried on August 13, 1932, were divorced upon the plaintiff's petition in July, 1935. The plaintiff was given sole custody of a minor child, Alfred Edward Fatool, born on June 20, 1933, but no order for support of the infant was entered against the defendant.

In May, 1936, the plaintiff married one George Tomey from whom she was divorced in July, 1945. Thereafter, in 1946 she married one Castagnola from whom she was divorced on his complaint in 1948. During the years since 1935 she has maintained the son in her household at an expense which she now estimates to have been about $15 per week. During her married life with George Tomey this expense was paid out of funds which came from the operation of stores which she ran jointly with Tomey in Sandy Hook and Woodbury. It does not appear from what source the funds for the support of the child came during her brief married life with Castagnola.

At no time has she sought any modification of her decree of divorce from the defendant to include a provision for the support of the child.

She now sues to recover from the defendant the expense, or at least a part thereof, to which she has been put in the past six years and she claims that she has a cause of action both at common law and under General Statutes, Rev. 1949. § 7340.

There are three cases in Connecticut which deal with the obligation of a divorced husband to reimburse his former wife for moneys spent in the support of a minor child. *Stanton* v. *Wilson,* 3 Day 37; *Finch* v. *Finch,* 22 Conn. 411; *Welch's Appeal,* 43 Conn. 342.

The *Stanton* case sustained the wife's right to reimbursement. The *Finch* case, if it did not in effect overrule the *Stanton* case, at least cast serious doubt upon the decision. The *Welch* case in turn cast doubt upon the ruling in the *Finch* case in so far as the common-law rule in this state is concerned, but, as I read the *Welch* case, it holds that the common-law obligation, whatever it was, has been superseded by the statute passed in 1854, which is now § 7340 and which provides that the divorced parents of a minor child in need of maintenance "shall maintain such child according to their respective abilities, and, upon complaint of either parent, then or thereafter made to the superior court, it shall inquire into their pecuniary ability, and may make and enforce such decree against either or both of them, for the maintenance of such child as it shall consider just, and may direct security to be given therefor." The *Welch* case is authority for the proposition that this statute supports an action by a wife for reimbursement for past expenses.

However, the statute clearly contemplates that there shall be evidence of the "respective abilities" of the parents to maintain the child and provides for an inquiry into "their pecuniary ability." The burden of proof upon this issue necessarily rests upon the plaintiff.

In the present case, the plaintiff has completely failed to sustain this burden. Even if her vague estimate of her expenses in connection with the support of the child be accepted, she has offered no evidence at all concerning the defendant's financial ability. She testified that, for six years before the commencement of the action, the defendant first owned and operated a diner and then a supermarket in the town of Bethel, but whether at a profit or loss does not appear. He is now in Florida and did not apear at the trial, nor was his deposition offered.

There is thus no basis upon which the court can make an order against the defendant for either past or future support of the child.

Judgment is rendered for the defendant.