The plaintiff is the divorced wife of William J. LaBarre who died intestate on December 12, 1949, and the defendants are the administrators upon his estate. In this action the plaintiff is seeking to recover from the estate of her divorced husband accrued amounts of money alleged due her in his life for the support of their minor child years ago. The child has been dead since 1941. Her claim had been previously presented to the defendants as administrators and disallowed, thus resulting in the action at bar.
The following are the facts material to the case: On June 22, 1932, a judgment of divorce was rendered in the Superior Court for New London County on the complaint of the plaintiff herein. By its terms sole custody of the minor child of the marriage, then seven years of age, was awarded the plaintiff, with direction to the defendants' intestate to pay to the plaintiff $7.50 weekly for the support of the child. No provision was made therein for alimony. From July 1, 1934, until the child's death on September 4, 1941, constituting a period of *Page 135 
373 weeks, the defendants' intestate did not fully comply with the judgment of the Superior Court. For 321 weeks he contributed but $5 a week; and for 52 weeks $3 a week.
At no time during the life of the child did the plaintiff apply to the Superior Court to have the defendants' intestate held in contempt for failure to make full compliance with its judgment. Her reason is that she was satisfied with his explanation of inability to pay more, and relied upon his assurance that he would make up the difference when he was able to do so. Such assurance was also given after the child's death, the last occasion being shortly before his own death. So also the defendants' intestate never requested the Superior Court to modify its judgment regarding the order of support for the child.
Defendants interpose two special defenses. One is that of payment in full. This defense is not supported by the evidence. The other defense cannot be dismissed without a discussion. It invokes the Statute of Limitations — that "The plaintiff's action was not brought within six years next after the right of action, if any, accrued." This defense is apparently based upon § 8315 of the General Statutes.
As so often happens in the trial court, counsel contented themselves with vigorous arguments on their respective claims of fact but furnished no citations on the law. When asked for citations they did say that research failed to disclose anything of value. They did not look far enough. See note, 137 A. L. R. 884; 2 Nelson, Divorce Annulment (2d Ed.) p. 335 § 16.28.
Connecticut differs from many other jurisdictions in that there is no Statute of Limitations regarding domestic judgment. "The rule of the common law, ... by which a prima facie presumption of payment arises after twenty years, presents the only limitation of time to the collection of a domestic judgment which is recognized in this State." Barber v. International Co.,74 Conn. 652, 656.
As far back as 1792 it was held in this state that money ordered to be paid to a wife upon a divorce from her husband was recoverable out of his estate. Smith v. Smith, 1 Root 349. So also it has been held that the mother of a minor child to whom custody had been awarded upon a divorce from the child's father was entitled to recover for support of the child from the estate of the divorced husband and father up to the time of his death. Welch's Appeal, 43 Conn. 342 (1876). *Page 136 
The interposed defense of the Statute of Limitations must fail. At the very least, the judgment of the Superior Court of June 22, 1932, with reference to support of the child of the marriage, was a continuing judgment subject to modification. It was never modified. Since there is no Statute of Limitations in this jurisdiction regarding a domestic judgment, the unpaid weekly amounts which accrued during the life of the child are chargeable against the estate of the defendants' intestate. Note, 137 A. L. R. 884, with particular reference to p. 888, subsection b; 2 Nelson, op. cit., pp. 335, 337; and see discussion inAshby v. Ashby, 174 Wis. 549.
The court has undertaken the decision on the case as pleaded and tried. That other defense might have been interposed, such as laches and/or acquiescence on the part of the plaintiff, is of no present moment. But if they had been interposed and a decision required respecting them, the issues still would have been found for the plaintiff on the evidence submitted at the trial.
There is found due to the plaintiff the sum of $1,036.50 as unpaid amounts of money owing her for the child's support under the judgment of the Superior Court on June 22, 1932. In addition, the plaintiff asks for interest on the sum found to be due her. She is entitled to such allowance. See Campbell v.Rockefeller, 134 Conn. 585, 591; General Statutes § 6778. Accordingly, interest at the rate of 6 per cent per annum is allowed from the date of the child's death on September 4, 1941, to date hereof. It is computed to $578.70.
 The issues having been found for the plaintiff, judgment is to enter for her to recover as damages the total sum of $1,615.20; costs attach as an incident of the judgment.