[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR MODIFICATION (#123)
I. Facts
By motion dated June 1, 1990, the plaintiff requests the court to modify the child support order entered as part of the judgment of dissolution on February 8, 1980 wherein the defendant was ordered to pay $25 per week as support for each of the parties' two minor children, Melissa, born December 20, 1974 and Chastity, born December 24, 1978. At the time of the dissolution, the plaintiff was a recipient of state aid for the dependent children of $86.04 weekly and the defendant's net income was CT Page 3521 $166.04 weekly, (cf. financial statement's on file (#111) and (#112).
The plaintiff is now receiving an unemployment benefit of $196 and the $50 child support payments. The defendant is now earning a net wage of $264.03 weekly. Both parties' listed expenses have increased substantially since 1980.
The hearing was held on September 17, 1990 and the court. ordered briefs, which were filed by October 1, 1990.
II. Background
The right of children to be supported by both parents is deeply ingrained in our law.
 ". . . .There is a law of our universal humanity, as extensive as our race, which impels parents, whether fathers or mothers, to protect and support their helpless children. It is a duty common to both, and the obligation is common. Blackstone very properly says, that `the duty of parents to provide for the maintenance of their children, is a principle of natural law. By begetting them, therefore, they have entered into a voluntary obligation to endeavor, as far as in them lies, that the life which they have bestowed, shall be supported and preserved. And thus the children will have a perfect right of receiving maintenance from their parents.' This duty, and this obligation, have been variously modified, by the positive laws of civilized countries, but fully recognized by all." (emphasis in original)
Finch v. Finch, 22 Conn. 411, 415 (1853).
 "The parental relation is not affected by a decree of divorce, which merely dissolves the marriage. The previous duties and obligations continue as before as between parents and children."
Welch's Appeal from Probate, 43 Conn. 342, 350 (1876).
The statute of 1854, cited as "General Statutes, p. 189, Section 9" in Welch's Appeal codified the parents' obligation to their minor child after the dissolution of their marriage. Id., CT Page 3522 p. 350.
In 1950, our Supreme Court reviewed the development of our law of child support and held in Castagnola v. Fatool, 136 Conn. 462
(1950) at pps. 467-468:
 There is no inconsistency in the decisions of this court in the Finch and Welch cases; in both we held that, after divorce, the mother is entitled to recover of the father only so much of the support she has furnished a minor child as is just and reasonable in view of their respective abilities; and that accorded with the terms of the statute of 1854 dealing with the matter. It is true that in the Revision of 1875 (p. 189, Section 9) the provisions of the act of 1854 were consolidated into a single section and much abbreviated, and in subsequent revisions the language was further abbreviated and somewhat changed. General Statutes, Rev. 1888, Section 2812; Rev. 1902, Section 4561; Rev. 1918, Section 5292; Rev. 1949, Section 7340.[1] It is presumed that changes in the language of a statute made when it is incorporated into a revision are not intended to alter its meaning and effect, and this is particularly true of the Revision of 1875. Bassett v. City Bank Trust Co., 115 Conn. 393, 401, 161 A. 852; State v. Muolo, 118 Conn. 373, 384, 172 A. 875. As regards the issue before us, the intent of the statute applicable to This case is the same as that of the act of 1854.
Section 46b-84 now provides for the parents' obligation for maintenance of a minor child, and creates a corresponding right in the child to such support, and Section 46b-86 (a) does not change the common law rule concerning child support, Guille v. Guille,196 Conn. 260 (1985).
Congress passed the Child Enforcement Amendments in 1984 directing the states to develop and implement guidelines for child support payments by October, 1987, 42 U.S.C. § 447. ConnecticutPublic Act 89-203, Section 2(b) directs that the child support guidelines shall be considered, in addition to the other statutory criteria, but Section 2(a) provides that there shall be a rebuttable presumption that the amount arrived at by applying the guidelines shall be ordered unless the amount is found to be inequitable or inappropriate. CT Page 3523
The guidelines direct an award in this case of $115 for two children between the ages of 6 and 15.
 III.
The defendant cites LaBow v. LaBow, 13 Conn. App. 330 for the rule that a substantial change in circumstances of one or both parties, uncontemplated at the time of the original decree, must be demonstrated by the moving party, so that continued operation of the original order would be unfair and improper. Darak v. Darak, 210 Conn. 462 (1989) is then cited for the holding that the statutory (Public Act 87-104) elimination of the uncontemplated element applies only to dissolution decrees entered after its effective date of October 1, 1987, and therefore the moving party is not denied equal protection of the laws as a member of a class whose marriages were dissolved before October 1, 1987. However, a child was not included in such class as defined, Id. p. 473.
The other two bases for the holding are res judicata and finality of litigation, Darak, pps. 475-476, neither of which bind the children who are not parties to the dissolution action, nor are they parties to their parents' settlement agreement. The parents cannot contract to limit the children's right to support, Guille, supra.
The children's right to support from both parents is unaffected by their parents' divorce, Guille, supra; Castagnola, supra; Welch's Appeal, supra; and Finch, supra. All children are entitled to the benefit of Public Act 89-203.
The children are no longer AFDC recipients, not contemplated in 1980. Although the plaintiff and the children had medical coverage in 1980, neither plaintiff nor defendant has medical coverage presently. The creation of the guidelines was not. contemplated in 1980. The defendant's net income has increased by 60%, a substantial amount. The court finds these circumstances sufficient to warrant a modification of the child support order.
The plaintiff's motion is granted and the child support order is modified to $57.50 weekly per child. Certain arrears were found by the court on September 17, 1990 and the defendant is ordered to pay $10 weekly on such arrears. A wage garnishment is ordered. No attorney's fee is awarded. The earlier order of retroactivity entered July 30, 1990 is rescinded and the orders are effective as of November 16, 1990, to allow for notification of the defendant who resides in Florida.
HARRIGAN, J. CT Page 3524