[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR TEMPORARY CHILD SUPPORT
After consideration of the applicable statutory criteria, the motion for child support pendent lite is granted and the defendant is ordered to pay child support in the amounts as indicated as follows.
A significant dispute between the parties regarding this motion is the defendant's income and earning capacity. Significant factors adversely impacting the defendant's present earning capacity are his recent hospitalization, his alcoholism, the transfer of his legal practice from California to Connecticut, and the suspension of his driver's license. The defendant testified that he has had gross earnings of only $4800 for the past three months and net earnings of about $730 a month before taxes. The plaintiff's efforts to produce evidence CT Page 1886 regarding the defendant's earning capacity have been hampered by the defendant's lack of knowledge, recollection, and records about his income. Nevertheless, the plaintiff as the moving party has the burden of proof on the issue of earning capacity, seeCastagnola v. Fatool, 16 Conn. Sup. 119, aff'd. 136 Conn. 462
(1949); and on the present record she has failed to prove an earning capacity for the defendant sufficient to support her claim for $316 or more in weekly child support.
The evidence also indicates that although in prior years the parties enjoyed a fairly comfortable standard of living, this standard of living appears to have been accomplished by the family living beyond its means as evidenced by their debt, the foreclosure on their home, and the defendant's bankruptcy. Thus, the parties' circumstances indicate that the plaintiff cannot expect to live now at the same living standard as the family lived prior to the parties' separation which was about four years ago.
On the basis of the limited evidence presented, including the defendant's profession, years of experience and present income, the court concludes that he has an earning capacity of at least approximately $40,000 a year before taxes. The child support guidelines indicate a weekly child support payment from him of approximately between $260 a week to $190 a week with this income and with the plaintiff's income of approximately $600 a week. However, because of the factors adversely affecting the defendant's income as previously indicated the court concludes that there is equitable justification to deviate from the guidelines for a limited time period as the defendant addresses his medical difficulties and transitions and develops his practice in Connecticut.
Therefore for all the foregoing reasons, the defendant is ordered to pay child support pendent lite in the amount of $100 a week for sixteen weeks and in the amount of $225 a week thereafter. Because of the limited information the parties were able to provide regarding these issues, this order will enter without prejudice for the parties to move for the court to reconsider this order on the basis of additional information which may be acquired and to allow the court to take a "second look" at the child support order. Pursuant to the parties' agreement of December 22, 1997, the order for the defendant to pay $100 a week in child support shall be retroactive to December 22, 1997. CT Page 1887
So ordered this 18th day of February 1998.
Barry K. Stevens, Judge