ANN WALSH BRADLEY, J.
¶ 30. {concurring). I join the majority opinion in its entirety, concluding that Johnson's motion for the entry of a qualified domestic relations order is not barred by the operation of Wis. Stat. § 893.40.1 agree with the majority opinion when it states that it would be "absurd and unreasonable" to construe the statute of repose in a way that it would begin to run at the time the judgment in this case was entered. Majority op., ¶ 3.
¶ 31. Likewise, I agree with the majority when it states that there has been "a recognition on the part of this court" that:
... in some respects ongoing obligations are a common feature of family law judgments, and whether observing the obligation to construe statutes to avoid absurd results or exercising their equitable powers, circuit courts, under Wis. Stat. § 767.01, in Ch. 767, Actions Affecting the Family, "have authority to do all acts and things necessary and proper in those actions and to carry their orders and judgments into execution as prescribed in this chapter."
Id., ¶ 23.[1]
*266 ¶ 32. However, I write separately to address the unnecessary uncertainty that Justice Ziegler's concurrence introduces into the law. By raising questions concerning the continued vitality of judgments that require the payment of maintenance or the continuation of life insurance with designated beneficiaries, Justice Ziegler's concurrence creates uncertainty in areas of family law not presented in this case.
¶ 33. In the concurring opinion, Justice Ziegler questions "whether or how Wis. Stat. § 893.40 may affect the enforcement of obligations which may necessarily extend beyond 20 years...." Justice Ziegler's Concurrence, ¶ 2. She further appears to question whether judgments requiring "maintenance" or the payment of "life insurance proceeds" that may continue beyond or may first become due after 20 years post-judgment will remain enforceable after 20 years has passed. Id., ¶ 1 n.2.
¶ 34. Both the majority and the dissent provide a response to Justice Ziegler's concerns. The majority correctly recognizes that "[i]n family law matters especially, courts often encounter provisions in orders that create continuing obligations that may very well extend beyond 20 years." Majority op., ¶ 22.
¶ 35. The dissent responds by explaining that "[t]he suggestion that a party could simply stop paying alimony or maintenance after 20 years, as a result of Wis. Stat. § 893.40, is not reasonable or realistic because of the continuing nature of the obligation to pay." *267 Dissent, ¶ 112 (emphasis in original); Ashby v. Ashby, 174 Wis. 549, 554, 183 N.W 965 (1921) (determining that an order for alimony payments was a "continuing judgment, always subject to modification by the court during the life of the parties," and therefore a statute of limitations did not apply). I agree with the dissent's conclusion that a judgment that orders indefinite maintenance payments is a continuing judgment that is not barred by the operation of Wis. Stat. § 893.40.
¶ 36. In response to the concern regarding the change of life insurance beneficiaries, the dissent explains that "the insured may not change the beneficiary more than 20 years after the entry of the judgment and expect that he or she has not created a new cause of action for the original beneficiary." Dissent, ¶ 111. Likewise I agree with the dissent's conclusion that the obligation to designate a specific beneficiary may be enforced beyond the 20-year period.
¶ 37. Accordingly, although I join the majority opinion in its entirety, I respectfully concur.
¶ 38. I am authorized to state that CHIEF JUSTICE SHIRLEY S. ABRAHAMSON joins this concurrence.

 Justice Ziegler asserts that this concurrence "incorrectly *266 characterizes the conclusions reached in the majority opinion." Justice Ziegler's Concurrence, ¶ 1 n.l. Ultimately, it will be left to the reader to determine whether such an assertion is correct. This concurrence does not attempt to "characterize" the majority opinion but rather quotes directly from it.